## CITY OF ST. JAMES v. STACY.

### (Circuit Court of Appeals, Eighth Circuit. January 10, 1913.)

### No. 3,734.

1. MUNICIPAL CORPORATIONS (§ 788*)—SIDEWALKS—DUTY TO MAINTAIN.

A city owes to the traveling public the duty of exercising reasonable care to keep its sidewalks in a reasonably safe condition, but, in order to render it liable for injuries for failure to perform such duty, it must appear that the city knew, or had reasonable cause to know, of the defective condition of the walk for a sufficient length of time before the accident to enable it to put it in repair.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1641–1643, 1646, 1652; Dec. Dig. § 788.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—DEFECTIVE SIDEWALKS—GRATING—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

A grating extending nearly across a sidewalk was defective in that the edge of one of the sections was elevated above the other where they joined. Plaintiff, a cripple who walked with crutches, was familiar with the grating and with its defective condition. On the occasion of his injury the sidewalk and the adjacent road were icy, and he undertook to cross the grating, in the way he had frequently done before, by getting a solid foothold as he approached it and then stepping or swinging over it on his crutches. In some manner he struck the end of one of his crutches against the elevated edge of one of the sections of the grating and fell and was injured. Held, that he was not guilty of contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

In Error to the Circuit Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Action by Lute A. Stacy against the City of St. James. Judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff below, while walking along on one of the public sidewalks in the city of St. James, encountered an iron grating extending transversely across substantially all of the sidewalk. This grating covering a hatchway consisted of two parts or sections, each being hinged to opposite sides of the opening, and when shut their edges came together near the middle of the opening so as to form a joint extending practically across the entire sidewalk. In this way it was adapted, if properly constructed, to permit an uninterrupted and safe crossing by pedestrians. The two sections of this covering, however, when closed, did not make a good joint; but the edge of one of them stood an inch or more higher than that of the other, and this constituted such an obstruction in the highway as would naturally trip up a pedestrian who might, without extraordinary attention, attempt to cross it.

The plaintiff was a cripple and walked with crutches. He was familiar with this grating and with the defective condition of the joint. In fact, he had frequently passed over it and had noticed that the edge of one of the sections was more elevated than the other; but on this occasion the sidewalk and the adjacent road were icy and slippery, and he undertook to cross the grating in the way he had frequently done before—getting a solid foothold as he approached it, and then stepping or swinging over it on his crutches—but in some manner, not necessary to be detailed here, he struck the end of one of his crutches against the elevated edge of one of the sections of the grating and fell and received an injury. He recovered a judgment below, and the city prosecutes this writ of error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward C. Farmer and Jens L. Lobben, both of St. James, Minn. (W. S. Hammond, of St. James, Minn., on the brief), for plaintiff in error.

J. W. Schmitt, of Mankato, Minn. (H. L. Schmitt, of Mankato, Minn., on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge (after stating the facts as above). [1] The city owes to the traveling public the duty of exercising reasonable care to keep its sidewalks in a reasonably safe condition. In order, however, to render it liable for injuries for failure to perform its duties in this regard, it must appear that the city knew, or had reasonble cause to know, of the defective condition of the grating a sufficient length of time before the accident occurred to enable it to put it in a state of repair. The learned trial court submitted this issue to the jury very clearly—certainly in such a way that the city can have no ground of complaint and makes no complaint on this account. The verdict of the jury being against the city necessarily concludes this issue in favor of the plaintiff below and establishes for the purposes of this case the requisite negligence to entitle plaintiff to recover, unless for other reasons he cannot do so.

The stress of the argument at bar and in the brief is that plaintiff was guilty of such contributory negligence as precludes recovery. It is said he was familiar with this raised joint, had often passed over it and necessarily knew its condition, and that the attempt to cross it on the occasion in question was an unwarrantable exposure and prevented recovery, and that the trial court erred in not instructing a verdict for the defendant according to the prayer of defendant's counsel.

[2] We are unable to give our assent to this contention. We cannot now review the correctness of the finding of fact by the jury. Our sole duty is to ascertain whether there was any substantial evidence upon which that finding can be sustained. Of this we have no doubt. A person who was entitled to use the sidewalk, and who might reasonably assume it was in a fairly safe condition for use, came upon the obstruction; the adjacent ground was icy and slippery, and it might well be that the raised joint in the grating presented a less dangerous impediment to his crossing than the icy surroundings would have presented if he had attempted to go out into the street and avoid crossing the grating.

The question is: Did he exercise ordinary care and prudence under all the circumstances in attempting to cross over the grating? In other words, Did he fail to exercise the care and prudence which ordinarily prudent persons would have exercised under similar circumstances? We are unable, in view of all the facts and circumstances in the case, to say as a proposition of law that the plaintiff did not exercise that prudence which ordinary persons would have exercised under like circumstances. Whether he did or not was a question of fact for the jury under proper instructions. This case is quite similar

in its facts to that of Mosheuvel v. District of Columbia, 191 U. S. 247, 24 Sup. Ct. 57, 48 L. Ed. 170.

On familiar principles of general law, reinforced by the authority of the case just cited, we have no hesitancy in affirming the judgment, and it is so ordered.