## NATIONAL LIFE INS. CO. OF THE UNITED STATES OF AMERICA v. McKENNA.

(Circuit Court of Appeals, Eighth Circuit.   July 26, 1915.)

### No. 4339.

1. NEGLIGENCE ⟨⊚⟩65—CONTRIBUTORY NEGLIGENCE—TEST.

Even if one knows the facts and appreciates the danger of a proposed action, he is not necessarily guilty of contributory negligence in taking some risk. The test is whether, in view of all the facts and circumstances, a person of ordinary prudence would have refrained from taking the risk.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 83, 94; Dec. Dig. ⟨⊚⟩65.]

2. NEGLIGENCE ⟨⊚⟩1, 65—EXIGENCY.

In determining an issue of negligence or contributory negligence, the exigency under which one acts is an important element for consideration.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 1, 83, 94; Dec. Dig. ⟨⊚⟩1, 65.]

3. CARRIERS ⟨⊚⟩347—INJURY ON ELEVATOR—CONTRIBUTORY NEGLIGENCE—ELEVATORS.

That plaintiff, a boy of 14, knew that if he got beyond the elevator cage he was in danger, does not show that he was guilty of contributory negligence as a matter of law, because, when the elevator operator stopped the car and reached out as if to open the door, plaintiff stepped forward, and his foot was caught between the car sill and the floor when the car was again started.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346, 1350–1386, 1388–1397, 1402; Dec. Dig. ⟨⊚⟩347.]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Action by Hubert McKenna, by Mary B. McKenna, guardian, against the National Life Insurance Company of the United States of America. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Jesse A. Miller, of Des Moines, Iowa (J. D. Wallingford and Oliver H. Miller, both of Des Moines, Iowa, on the brief), for plaintiff in error.

J. M. Parsons, of Des Moines, Iowa (Lester L. Thompson and Earl C. Mills, both of Des Moines, Iowa, on the brief), for defendant in error.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

ADAMS, Circuit Judge. This was an action for damages resulting from an injury sustained by plaintiff while riding on an elevator operated by the defendant in a large office building owned by it in the city of Des Moines, Iowa. In his petition plaintiff charged in one count that his injuries were occasioned by reason of the negligent operation of the elevator by the defendant's agent in charge, and

in another count he charged that his injury occurred by reason of the negligent construction of the elevator by the defendant company. The defense was a denial of the negligence and a plea of contributory negligence. The evidence tended to show that plaintiff took the elevator at the ground floor of the building to be carried to the sixth floor where he had business to transact; that as the elevator approached the sixth floor, about midway between the fifth and sixth, it slowed down and stopped, and the operator reached his hand out towards the door. The plaintiff then moved forward towards the door, preparatory to alighting, and as the elevator started up again it caught his foot between the edge of its floor and the sill of the sixth floor of the building and mashed and injured it badly. These main facts, variously stated by the witnesses, were submitted to the jury in a faultless charge as to the law of negligence and contributory negligence applicable to the case. A verdict and judgment in favor of the plaintiff followed; hence this writ of error.

Two errors were assigned: One that the trial court erred in refusing to instruct the jury, as requested by the defendant's counsel, to find a verdict for the defendant on the ground, as alleged, that the evidence conclusively showed that the plaintiff was guilty of contributory negligence; and the other, that the court erred in its charge to the jury in telling them that the law imposed upon the defendant the duty of exercising the highest degree of care for the safety of its passengers in the matter of the construction of the elevator as well as in the matter of operating it.

Counsel for plaintiff in error base their main argument on the first assignment of error upon the following admissions of plaintiff found in his cross-examination:

"I appreciated the fact that, if I got beyond the cage, I would get hurt by getting caught. If I had been paying attention, I would not have gotten my foot caught. It was because I did not pay attention where I was stepping that I got hurt."

Admissions of this kind, found in the cross-examination, must, of course, be taken in connection with the other facts of the case as disclosed by the proof. Doing so, we find this situation: As the boy approached his destination the elevator slowed down and stopped. He saw the operator reach out his hand, supposedly to open the door through which he was to pass. He thereupon, stepping forward from about the middle of the car, where he had stood, to the place of the supposed open door, stepped too far, and as the elevator suddenly started up again it caught his foot between its floor and the edge of the sixth floor. The boy, being 13 or 14 years of age, had sense enough to realize and did realize that if he stepped too far and at the wrong time he would get hurt. He knew the facts, and appreciated the possible danger if he failed to act cautiously. Was the plaintiff, in taking this step towards alighting in these circumstances, guilty of contributory negligence? In other words, did he thereby fail to exercise the caution and prudence which ordinarily prudent persons usually exercise in like circumstances, or, to put the question to fit the present case, do these facts and the inferences

properly deducible from them furnish any evidence so tending to show that the plaintiff was exercising the care and precaution for his own safety which persons usually exercise in like circumstances, as to warrant a jury in so finding? Our common experience teaches that very prudent persons often take some chances and risks, even if they know the facts and appreciate the risk they are taking.

[1, 2] The controlling question is not whether plaintiff knew or appreciated that it was dangerous to do as he did, but is whether an ordinarily prudent person under such circumstances would have refrained from doing as he did. The Supreme Court, in the case of Mosheuvel v. District of Columbia, 191 U. S. 247, 24 Sup. Ct. 57, 48 L. Ed. 170, referring to the rule invoked in this case holding plaintiff to the fatal consequences of contributory negligence when it appears that he knew and appreciated the risk and danger attending what he was about to do and nevertheless did it, said:

"We are of the opinion, however, that the rule as thus contended for is unfounded in reason and unsupported by the weight of authority. * * * The result of admitting the doctrine would be to hold that all persons in making use of the public streets assumed all risks possibly to arise from every known defect or danger. * * * Take a street across which runs a railroad track, whereon cars are moved by steam or other motive power. All persons knowing of this fact would know also that there was some danger in crossing. They therefore must either abstain altogether from crossing, or, if they do so, be subject as a matter of law to the consequence of the reckless operation of the railway, without reference to the care exercised in the use of the street for the purpose of crossing. Indeed, the proposition would imply that every one who used the public streets with the knowledge of a defect existing therein would be guilty, if an injury was by them suffered as a result of such defect, of contributory negligence without the existence of any neglect whatever. * * * *"

This court in the case of City of St. James v. Stacy, 121 C. C. A. 371, 203 Fed. 35, had occasion to apply the doctrine of the Mosheuvel Case, and said:

"The question is: 'Did he [plaintiff] exercise ordinary care and prudence under all the circumstances in attempting to cross over the grating? In other words, did he fail to exercise the care and prudence which ordinarily prudent persons would have exercised under similar circumstances? We are unable, in view of all the facts and circumstances in the case, to say as a proposition of law that the plaintiff did not exercise that prudence which ordinary persons would have exercised under like circumstances. Whether he did or not was a question of fact for the jury under proper instructions.'"

Applying this reasonable doctrine to the present case, how does it stand? Here there was evidence tending to show plaintiff had reason to believe that the elevator had stopped for him to alight, and he impulsively stepped forward to do so. Can it be conclusively held that because he knew as a physical fact that if he stepped too soon he might get hurt, or if he stepped over the edge of the floor he might get his foot crushed, he assumed all risk in so doing, however negligent the operator might have acted? Our common experience is that most people start towards the door of a railway car before it is opened for egress, and we know that people often act impulsively in cases of emergency, when their judgment is not as sound and

reliable as in cases where circumstances and conditions admit of deliberation and reflection.

The emergency in which one is called upon to act is an important circumstance and factor in determining whether he observes the care and precaution which people usually exercise under *similar circumstances*. Among the circumstances so requiring consideration are the attendant exigency and confusion, if any there be. In the case of Dickson v. Omaha & St. Louis Railway Company, 124 Mo. 140, 27 S. W. 476, 25 L. R. A. 320, 46 Am. St. Rep. 429, the Supreme Court of Missouri laid down the rule that in circumstances of emergency a person is not chargeable with negligence if he fails to appreciate the safest and best course to pursue. In the case of Schroeder v. C. & A. Ry. Co., 108 Mo. 322, 18 S. W. 1094, 18 L. R. A. 827, Judge Barclay, speaking for the Supreme Court of Missouri, said:

Ordinary care to avoid an injury by a person "is to be judged from the standpoint furnished by the facts of the particular case, and, also, by considering * * * under what exigency he acted."

In the case of Pomeroy v. Westfield, 154 Mass. 462, 28 N. E. 899, Mr. Justice Holmes, speaking for the Supreme Judicial Court of Massachusetts, said:

"But, further, in determining the right of a plaintiff to recover, there are two elements to be considered: First, how far he is chargeable with knowledge of the danger which he incurred, and then under what exigency he acted. That is to say, the exigency legitimately may affect, not only the question how far he appreciated or ought to have appreciated the danger, but also how far he could run a risk known to be greater than prudently could be incurred under ordinary circumstances without losing his right to recover in case he was hurt."

[3] In this case all these considerations must be taken into account in determining whether there was any substantial evidence tending to show that ordinary care, as here defined and elucidated, was observed by the plaintiff. In view of them all we are clearly of opinion that the issue of contributory negligence was for the jury to decide, and that no error was committed in refusing to take it from them.

The next assignment of error is that the court erred in its charge to the jury in placing upon the defendant the burden of showing that it exercised the highest degree of care in the construction of its elevator. If the court had so charged, it doubtless would have been error; but on a careful scrutinizing of the charge we fail to find any such direction. The court had told the jury that such was the degree of care which the defendant as a carrier of passengers owed to the plaintiff as a passenger aboard its elevator; but we fail to find anywhere in the charge that the court imposed that same rule of diligence upon the defendant in the matter of the construction of the elevator. In every phase of the charge, where reference is made to the highest degree of care required to be taken by the defendant, reference is had to the matter of carrying the passenger; in other words, to the operation of the elevator, and not to the construction. There is no merit in this assignment of error.