JUDGE PRYOR
delivered'the opinion op the court.
The appellee, Elizabeth.Anderson, filed her petition in the Bath Circuit Court on the 12th of February, 1872, against the appellant, William Woodward, containing two separate counts, in which it is alleged that the appellant (the defendant), “contriving and wrongfully and unjustly intending to injure the plaintiff, did, in the years 1865 and 1871, by artificial persuasions and threats, unlawfully debauch, seduce, and carnally know the plaintiff, she being a single woman,” etc.; “that she was of weak and imbecile mind, and gave birth to two children by reason of these unlawful acts on the part of the defendant.” A trial was had, resulting in a verdict against the defendant for one thousand dollars in damages, and a judgment rendered, from which this appeal is prosecuted. The petition contains every essential allegation requisite in an action for seduction, and the important question raised by a demurrer to each count in the petition is, can the plaintiff maintain the action ?
At common law actions for seduction are based solely upon the relation of master and servant, and -no one but those entitled to the services of the female could maintain it. The fiction is usually instituted by the parent, and the allegation and proof of the loss of service was at common, law indispensable to a recovery. Slight loss of service has been held sufficient, and the rule has been so far modified by the recent *626 decisions of this country and in England as to authorize the parent to maintain the action when he has the right to the service, although no acts of service are proven. (Hewitt v. Prime, 21 Wend. 79.) These changes of the rule, however, have never gone to the extent of authorizing any other to bring the action than the one entitled to the service. The right of action has not been changed, but only the proof of the loss of service dispensed with. No precedent can be found, or at least after diligent search this court has been unable to find a single case, where the female seduced has in her own name maintained such an action. In Christian’s Blackstone (book 3, chap. 8, note 14a) it is said, “In no case whatever, unless she has had a promise of marriage, can a woman herself obtain any reparation for the injury she has sustained from, the seducer of her virtue.” In the case of Hamilton v. Lomax (26 Barb.), where the action was instituted by the female, it was held “ that the only mode in which the action for seduction can be maintained is by bringing it in the name of the person entitled to the services. This principle has always been recognized without an exception, unless where changed by statutory enactment. “The female, being particeps criminis, can in no event maintain an action for her own seduction.” (Newman’s Practice, 426.)
It is contended for the appellee that the action may be maintained by reason of the provisions of the second section of the Revised Statutes, volume 1, chapter 1, and the dicta of this court in the opinions rendered in the cases of Wilhoit v. Hancock (5 Bush, 568) and of Pence v. Dozier (7 Bush, 134) is relied on as sustaining this view of the question presented.
The statute declares “that an action for seduction may' be maintained without any allegation or proof of the loss of service of the female by reason of the wrongful act of the defendant.”
*627 This statute does not give the right of action to any other persons than those who could maintain it at common law, and the only object the legislature had in view was to dispense with the allegation and proof of the loss of service. It is silent as to those who may bring such ah action, thereby leaving the common-law rule in full force, and evidencing clearly an intention not to legislate as to the parties to the action. The relation of master and servant or parent and child must still appear in the pleading. It is urged, however, by counsel that this is an action of trespass, and therefore a recovery should be had. The language used by this court in the case of Wilhoit v. Hancock (5 Bush, 567) is, “that for the mere trespass of debauching and seducing a daughter an action in her name perhaps could be maintained at law.” In Pence v. Dozier (7 Bush) it is said “ that the daughter had renounced her right of action”. This language was used with reference to a marriage contract between the parties, for the violation of which an action in the daughter’s name could have been maintained.
If one has carnal knowledge of a female by violence or force, and against her will, there is no doubt but what she could maintain an action of trespass vi et armis; but that shé could maintain trespass, or trespass on the case, for the mere seduction can not be sustained on principle or by authority. An action for seduction has been adjudged by many of the elementary writers an action of trespass, and not an action on the case, and some of the authorities indicate that the plaintiff may elect to bring case or trespass. In 1 Chitty’s Pleading, p. 174, it is said “ that it is usual and perhaps more correct to declare in trespass vi et armis for debauching daughters or servants; yet as the consequent loss of society or service is the ground of action, the plaintiff is at liberty to declare in case. When, however, the action is for an injury committed with force, etc., it is most proper to declare in trespass.” This *628 same author, in the second volume of the same work, in giving a precedent of the declaratioxx in this kind of action, on page 643, makes it an action on the case, and not an action of trespass vi et armis. In a note on the same page it is said “that where the offense is accompanied with an illegal entry into the father’s house he may declare in trespass for the entry, and allege the seduction and loss of service as coxxsequential.”
Now if the plaintiff should fail in proving the trespass by the defendant in making the unlawful entry, or the latter should by his plea and proof justify the entry, is it not a well-recognized principle that, the trespass being justified, the matter’s ixx aggravation must go with it? In an action for seductioxx at common law the consequeixtial injury per quod servitium amisit is the sole fouxxdatioix of the action, axxd the allegations necessary to make a good declaratioix present a clear distinction between trespass and case. (9 Johns. 387; 3 Blackstone, 387; Moran v. Dawes, 4 Cow. 413.)
It may be conceded, however, that the form of action for seduction is trespass vi .et armis, axxd still all the authorities agree that the pax’ty seduced caix not maintain the action. That portion of the petition cited in this opinion is the only allegation from which it may be inferred that force was used by the defendaixt. The statemeixt that the defendant by artificial means, persuasion, threats, etc., is not equivaleixt to an allegatioix that the defendant used fox’ce in accomplishing his purpose. It is xxot eveix alleged that the acts of the defendant were against the will of the plaintiff, nor that the threats placed her in such fear as prevented resistance on her part, or that any force whatever was used. It may be that the facts proven would have sustained axx action of trespass vi et armis; but the petition being only a common-law action for seduction, the demurrer to both counts should have been sustained. If the law is defective as it now exists with reference to the parties *629 to this action, the legislature, and not the courts, must provide the remedy.
The judgment of the court below is reversed, and cause remanded with directions to set aside the verdict, and enter an order sustaining the demurrer to'the petition.