CASE 113—PETITION ORDINARY—SEPTEMBER 22.

# Cline & Co. v. Templeton.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. An agreement to forbear the prosecution of a suit which clearly cannot be maintained is no consideration for a promise.

2. A woman cannot maintain an action for her seduction. (Woodward v. Anderson, 9 Bush, 624.)

3. A note in the hands of one who has procured it to be discounted in bank. and has afterwards taken it up, is subject to any defense that might have been made to it before the discount.

RODMAN & BROWN FOR APPELLANTS.

1. A promissory note, negotiable and payable at a bank, and discounted by the bank, is placed upon the footing of a foreign bill of exchange, and the defense of want of consideration between the original parties. cannot be made to it. (General Statutes, chapter 22, sections 6 and 21;. Civil Code, section 19.)

2. An adult woman can maintain an action for her seduction. (Wisconsin Code, sec. 2555; Iowa Code, page 435; Rees v. Cupp, 59 Ind., 566; Overton's Code of Practice, sec. 109; Thompson & Steger's Statutes. (Tenn.), sec. 2801, vol. 2; Code of Alabama (1852), sec. 2133.)

Cline & Co. v. Templeton.

3. Past cohabitation and seduction are good considerations to uphold a written agreement. (Shenks v. Mongle, 13 S. & R., 29; Newman's Practice and Pleading, page 329; McDonald v. Fleming, 12 B. Mon., 286; Clarke v. McFarland, 5 Dana, 45; Burgen v. Straughn, 7 J. J. Mar., 583; Winebrinner v. Weisiger, 3 Mon., 32; The Marchioness of Annandale v. Harris, 2 P. W., 432; Priest v. Parrot, 2 Vesey, 160; Gray v. Matthias, 5 Vesey, Jr., 286; Tremer v. Vaughn, 2 Wilson 339; citing Exodus, chap. 22, verses 16 and 17, and Deuteronomy, chap. 22, verses 28 and 29; 2 Robinson's Practice, pages 31 and 32.)

JOHN A. MIDDLETON FOR APPELLANTS.

1. The note sued on was executed by the maker for the benefit of the mother of his bastard child, and in part for the benefit of the child, and is therefore based upon a sufficient consideration. (Burgen v. Straughn, 7 J. J. Mar., 584 and 585.)

2. A note made negotiable and payable in bank, and discounted by the bank is placed upon the footing of a foreign bill of exchange, and prior equities and defenses are thereby cut off. (Spencer v. Biggs, 2 Met. (Ky.), 123; Kelly & Co. v. Smith & Shotwell, 1 Met. (Ky.), 317; Early v. McCart, 2 Dana, 414; Arthur v. Hart, 17 Howard U. S. Rep., 11–16; Mehler, &c., v. Ferguson, MS. Op., January Term, 1879; 5 Bing. N. C., 577; Lawrence v. McCalment, 226; Sargent v. Larned, 2 Curtis C. C., 340; Breathitt v. Rogers, 32 Ark., 758.)

BYRON BACON FOR APPELLEE.

1. A woman has no cause of action for her seduction. (1 Parsons on Contracts, page 435, 5th ed.; Woodward v. Anderson, 9 Bush, 624.)

2. Forbearance to prosecute a suit showing no cause of action, or a claim having no foundation in law or equity, is not a sufficient consideration to uphold a promissory note given therefor. (Chitty on Contracts; Parsons on Contracts, page 440, 5th ed., and cases there cited; Long v. Lowell, 42 Mo., 545; Palfrey v. Portland, &c., R. R. Co.; Cory v. Stucker, 31 Blackford, 161; Cabot v. Haskins, 3 Pick., 83; Jarvis v. Sutton, 3 Md., 289; Gould v. Armstrong, 2 Hall, 266; Lowe v. Wetherby, 4 Dev. & B.; Martin's ex'rs v. Black's ex'rs, 20 Ala.; Savings Bank v. Callard, 15 N. H.; Wade v. Simeon, 2 C. B., 548.) *4 Allen 55*

3. The negotiation of a note to a bank by a party taking it from the payee with notice of the maker's equities and defenses does not deprive the maker of those equities and defenses as against such party to whose hands the note has been returned. (Story on Bills of Exchange, sec. 187; Spencer v. Biggs, 2 Met., 123; Tuggles v Adams, 3 A. K. Marsh; Schute v. Large, 6 Barb.; Early v. McCart, 2 Dana, 416; Tomlin's Law Dictionary, p. 945; Smith's Mercantile Law, p. 336; 1 Daniel on Negotionable Instruments, sec. 176.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The admitted facts in the pleadings in this case are: the sole consideration of the note sued on was the agreement to forbear the prosecution of a suit by Susan Cline against appellee; that the suit was brought by Susan Cline against appellee for seduction, and that at the time she was an adult unmarried woman; that at the time of the alleged assignment of the note by Susan Cline to appellants, they had full knowledge of all these facts. It is further shown in evidence that the note before maturity was discounted to the German Security Bank, and, having been protested for non-payment, it was taken up by appellants.

The questions in the case are: *First.* Was the note unenforceable for want of consideration? *Second.* Are the rights of the parties altered by the fact that the note was put on the footing of a foreign bill of exchange by discounting it to the bank?

That there is no cause of action, either at common law or under the statutes, in behalf of a woman for seduction, is clearly established. (Woodward v. Anderson, 9 Bush, 624.) It is laid down, both in Parsons on Contracts and in Chitty on Contracts, that an agreement to forbear to prosecute a claim which is wholly and certainly unsustainable at law or in equity, is no consideration for a promise. (Parsons, vol. 1, p. 440; Chitty, vol. 1, pp. 35 to 46.) This proposition appears to be so well established that further citation of authorities seems to us unnecessary. We need not discuss the question as to whether past cohabitation is a good consideration for a promise, since it is admitted that the sole consideration was the agreement to forbear suit.

The effect of the statute in regard to the discounting of notes in bank, so as to place them on the footing of bills of

exchange, is to fix the rights and liabilities of the parties as they would be if the paper had originally been a foreign bill of exchange.

In this case, appellants, having received the note sued on with the knowledge that it was without consideration, took it up from the bank with the same right in appellee to make defense as he had prior to the discounting. Appellants, being holders with notice of the infirmity in the bill, it is in their hands subject to all the defenses that existed between the original parties to the paper.

Judgment affirmed.