## SOUTHERN RY. CO. v. ASHBY.

Circuit Court of Appeals, Sixth Circuit. December 9, 1929.

No. 5257.

Charles H. Smith, of Knoxville, Tenn. (H. O'B. Cooper, of Washington, D. C., and J. A. Susong, of Greenville, Tenn., on the brief), for appellant.

R. R. Kramer, of Maryville, Tenn. (D. S. Kramer and J. E. Cassady, both of Maryville, Tenn., on the brief), for appellee.

Before DENISON and HICKENLOOPER, Circuit Judges, and SIMONS, District Judge.

PER CURIAM. While the automobile in which Cox was riding was in the act of crossing a railroad at a highway crossing, it was struck by a railroad train, and Cox was killed. For his death, his widow recovered the judgment in this case.

The train was rounding a curve, swinging to the left. The automobile was approaching the crossing and entered upon the track from that side. The engineer, who was maintaining his lookout, could not see the automobile because the forwardly projecting boiler cut off his view. The fireman, who could have seen it, was otherwise engaged and was not looking. The case involves the application of the statutory duty created by subsection 4 of

section 1574 of the so-called Precautionary Statute (sections 1574–1576, Shannon's Code).[1] It had been the accepted rule that an effective lookout must be maintained by one or the other of the enginemen, and, if one could not look effectively but the other could, the latter must. More recently, the Supreme Court of that state declared, in Southern Railway v. Colton, 138 Tenn. 302, 303, 197 S. W. 901, that, if the view of the engineer was cut off upon a curve, as it was here, nevertheless the fireman could rightfully suspend his lookout while he attended to the firing of the engine. This being a necessary duty, it was thought that an exception to the literalness of the statute was implied.

In the present case, the fireman had stepped back to the tender and was engaged in preparing his "coal boards" to be ready for receiving coal at the next station, which they were then approaching. The District Judge declined to apply the exceptional rule of the Colton Case, as a matter of law, to this case, but left to the jury, as a question of fact, the issue whether the fireman was engaged in a necessary duty at the necessary time. In this we think he was right. Firing the engine is necessary to the progress of the train; and we may assume, for the purposes of this opinion, that the expert judgment of the fireman as to the time when this duty must be performed is not subject to review by a jury. In the present case, the evidence is not inconsistent with the full ability of the fireman to arrange these coal boards, either at the next stop without any prejudicial delay, or, if it should be done while running, at a time when the engineer could perform the full duty of lookout ahead or at a time when they were not approaching a crossing where obstructions might appear on the fireman's side. We see no necessity for making that extension of the Colton Case which would be necessary to reach the present one.

It is also urged that the principle of the Matthews Case governs, to the effect that there could not possibly have been any causal relation between the failure to keep the lookout and the injury which did occur. We think it unnecessary to discuss the exact limits of the rule which the Matthews Case establishes for this court. We are not prepared to say, upon the facts of the present case, that there could not possibly have been any such causal relation. If we assume, as the railroad insists, that the statutory lookout duty does not begin to have effective operation until the obstruction appears on the road, nevertheless the interval of time between the beginning of this obstruction and the collision, while very brief, was such that, as the jury might find, the brakes could have been applied; and, if the resultant slowing of the train had delayed for as much as a second or two its arrival at the crossing, the automobile might have escaped or plaintiff's injury might have been avoided or greatly lessened. The case is one where a conclusion that nonobservation of the statutory precautions made no difference in the result, is an inference from probabilities rather than an absolute certainty, and hence is governed by the general Tennessee rule rather than by the application made in the Matthews Case.

The judgment is affirmed.

[1] This was most recently reviewed by this court in Southern Railway Co. v. Matthews, 29 F.(2d) 52.