## CINCINNATI, N. O. & T. P. R. CO. v. RIMMER.

Circuit Court of Appeals, Sixth Circuit. January 28, 1930.

No. 5259.

Charles H. Smith, of Knoxville, Tenn. (John Weld Peck, of Cincinnati, Ohio, on the brief), for appellant.

W. T. Kennerly, of Knoxville, Tenn. (Kennerly & Key, of Knoxville, Tenn., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM. While attempting to drive an automobile along the highway crossing of the railroad at grade, Rimmer was struck by a train and killed. In an action in the court below, founded in part upon the Tennessee Precautions Act (subsection 4, section 1574, Shannon's Code), and in part upon the common-law rules, Rimmer's estate had

judgment. The questions presented to us are whether a verdict should have been directed for the defendant, on the common-law action, on the ground of Rimmer's contributory negligence in analogy to the facts of the. Goodman Case, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and as to the statutory action, because the automobile appeared as an obstacle on the road so suddenly in front of the train that there was no time for any effective precaution.

Applying the familiar rules by which a jury may pick out and believe parts of the evidence and reject other parts, even from the testimony of the same witness, when there is reason to think the rejected parts are mistakes, or are inconsistent with other admitted or accepted facts, and by which, upon such a review as this, the plaintiff must have the benefit of every permissible inference, .we think there is substantial evidence tending to show the following situation. In the nighttime, driving a Ford automobile, the engine of which, from time to time, apparently was stopping and being started with difficulty, Rimmer came near this familiar crossing. Upon his right, and as he came very close, there was a straight, unobstructed railroad track for about 1,300 feet, and then a curve. At a point 15 to 20 feet from the track, he stopped, apparently listening for the crossing bell there located which was not ringing. As he went ahead and entered the danger zone, the railroad track to his right was clear. His car stopped upon the track, apparently "stalled." Just then the train came around the bend at 60 miles per hour, and the brilliant headlights swung around and remained upon him during the intervening few seconds before he was struck. If these were the facts, there was a right to go to the jury, because the jury might conclude that he had been reasonably careful in entering upon the track, and that, if the enginemen had been upon the lookout, they would have seen him in time to do something towards slowing the train and thereby increase his chance of escape. See our opinion in Southern Railway v. Ashby, 36 F.(2d) 352, decided December 9, 1929.

Appellant most relies upon two points, as to which it insists that this statement of facts lacks vital support. The first is that the plaintiff's witnesses testified that while Rimmer was standing 20 feet from the track the headlight reflection swung around and down the opposite hill, showed that the engine was rounding the curve, and therefore it must have been coming down the straight track before Rimmer reached the danger zone, and that at other times they say that even at this point, 20 feet from the track, the train headlights were shining on the auto. They do so testify, and that proof, if unmodified, would be fatal to the plaintiff's case. The second point is that these same witnesses testify they saw the auto roll upon the track just ahead of, and where it was almost instantly struck by, the engine. This also would be fatal; but the confused and conflicting statements of these witnesses make it especially fit they should be appraised by a jury. The witnesses were a woman of the neighborhood and her daughter. About midnight they were returning home through the fields from a neighbor's. They. first heard the automobile engine starting and stopping, and later heard the train and witnessed the accident from higher ground at a distance of well towards a quarter of a mile. Necessarily they could only estimate time or distance, and such estimates, though made in good faith, are undependable.

Having at one time upon the trial estimated a certain period about which they were testifying as five minutes, and then being asked as a test to indicate the same length of time, it proved to be 14 seconds. To judge accurately when that far away, the distance between an oncoming headlight and an intervening object is notoriously impossible. The time during which the auto stood stationary on the track was fixed as "as long as it takes to snap your fingers three times"—a very elastic measure. Parts of their testimony contradicted other parts; the strong weight of the testimony, as we should view it, was in favor of defendant's theory; but there was express testimony by each witness that when the auto entered on the track, and as it stood stationary there, the engine's headlight reflections were against the side of the opposite hill, showing that the engine had not yet come around the curve. The jury might well think the witnesses would be more accurate about such a specific fact than about the exact number of seconds or feet; and a jury can tell how much, of what in the printed narrative record all looks alike, was really put in the mouth of the witness by skillful cross-examining counsel. In addition it is to be observed that, if defendant's theory is right, the engine's headlights were shining upon the rails and upon the side of Rimmer's car while he stood 20 feet away. This was at midnight. It is much more improbable that Rimmer should fail to see such lights than that he might fail to see the same train in the daytime, and the inference that he could have failed to see it must involve doubt.

The jury had the right to reconcile, as well as they could, conflicts and inconsistencies in

the testimony by comparison with the natural conduct of a man in Rimmer's situation; and upon the whole record we think the plaintiff's theory of the accident, as we have stated it, is not without substantial support.

The judgment is affirmed.