## GRAND TRUNK WESTERN R. CO. v. COLLINS (three cases).
### Nos. 6257–6259.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1933.

Gilbert W. Hand, of Bay City, Mich., and William W. Macpherson, of Detroit, Mich. (Frederic T. Harward, of Detroit, Mich., on the brief), for appellant.

Harry C. Milligan, of Detroit, Mich. (Milton L. Warren, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Judgments on verdicts in the three cases, consolidated below and tried as one, were en-

tered against the appellant for death and injuries resulting from a collision between its train and an automobile. The appellee, who sued below as administrator of the estate of Matthew Leithead, deceased, and as guardian of the two Leithead children, is a citizen of Great Britain, and federal jurisdiction is based upon diversity of citizenship. The principal error assigned is the failure of the court below to direct a verdict in favor of the railroad. The facts follow:

The accident occurred about 8:30 o'clock in the evening of June 9, 1931, in the outskirts of the village of Armada, Mich. The automobile was being driven by Mrs. Leithead, with her husband on the front seat beside her and the two children in the rear seat. The car was proceeding south on North street towards defendant's right of way, which North street crosses at a right angle. The defendant's east-bound train, propelled by a gasoline motor and pulling an express car, approached from the right. Mrs. Leithead testified that upon approaching the crossing she came almost to a full stop, looked to the left and then to the right, and proceeded at an estimated speed of between five and ten miles per hour. She looked to the right a second time when she was approximately fifteen feet from the main line, and, seeing nothing, continued on. Her first knowledge of the approach of the train came when her husband screamed, and when she was on the track with a big dark object eight or ten feet from her. The crash followed, killing her husband and injuring both children. She saw no headlight, heard no bell, and heard no whistle until just before the impact. The failure of the light and the absence of warning signals were also testified to by two witnesses who were driving in the same direction approximately seventy-five feet to the rear of the Leithead car. The testimony of these witnesses, both on direct and cross examination, was positive.

A substantial array of witnesses for the defendant contradicted this evidence. Included were the three members of the train crew and nine others, some of them interested and others not interested. They all agreed that the whistle was blown when the train was 400 feet west of the crossing; that the bell was ringing, and the headlight burning. Overruling the defendant's motion for a directed verdict, the court submitted the issue of negligence to the jury, and verdict for plaintiff in all three cases resulted.

We think that the direct and positive evidence of the failure of the railroad to give the usual and required warnings made the factual issue one for submission to the jury, and that the rule here applies that, if substantial evidence be introduced sufficient to take the case to the jury, no amount of contradictory evidence will authorize the trial court to direct a verdict. Begert v. Payne, 274 F. 784 (C. C. A. 6). The contention that the verdicts are against the weight of the evidence cannot be considered, as this court can go no further than determine whether there is substantial evidence to support them. Grand Trunk Western Railway Co. v. Heatlie (C. C. A.) 48 F.(2d) 759. And on review plaintiff is entitled to the benefit of every permissible inference that may be drawn from the evidence. Cincinnati, N. O. & T. P. R. Co. v. Rimmer, 37 F.(2d) 668 (C. C. A. 6). This is not a case where evidence of negligence fails to possess substantial character because necessary facts are inferred from circumstances which are themselves the product of inference (Pennsylvania Railroad Co. v. Chamberlain, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 391), or where it is so purely negative that it merely affords possible grounds for an inference which loses its substantial character when the defendant's evidence is presented [Strider v. Pennsylvania Railroad Co., 60 F.(2d) 237 (C. C. A. 6)], or where the conceded or established physical facts preclude all belief in its truth [Ristucci v. Norfolk & Western Railway Co., 60 F.(2d) 28 (C. C. A. 6)]. The witnesses here were all clearly in position where they could see and hear the precautionary signals if given, and the testimony corroborating Mrs. Leithead is direct without being in any sense pointed to circumstances as the bases for inference.

As to the contention that Leithead, the deceased, was guilty of contributory negligence, the burden upon that issue was with the defendant, and, notwithstanding the rule in Michigan, the federal courts will not impute the negligence of a driver of an automobile to the guest or passenger therein. Wabash Railway Co. v. Walczak, 49 F.(2d) 763 (C. C. A. 6); Commercial Electric Supply Co. v. Greschner, 59 F.(2d) 512 (C. C. A. 6). The issue with respect to Leithead's alleged contributory negligence was fairly submitted to the jury under the applicable rules of law, and the verdict for the plaintiff was a conclusive finding that no such negligence contributed to his death.

The failure of the court below to give defendant's requested instructions as to the provisions of Michigan statutes governing operation of automobiles did not constitute error,

as the subject-matter of the requests was fairly covered by the court in its general charge. We find no other assignments of sufficient merit to warrant discussion.

The judgments below are affirmed.