## MASSIE v. PARKER.
### No. 8967.

Circuit Court of Appeals, Sixth Circuit.

May 7, 1942.

As Amended June 1, 1942.

Charles I. Dawson, of Louisville, Ky. (Woodward, Dawson & Hobson, all of Louisville, Ky., on the brief), for appellant.

George S. Wilson, Jr., of Owensboro, for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant is the widow, sole beneficiary, and executrix under the will of R. E. Massie, who, in 1930, entered into an agreement with the appellee by which he paid to her and her attorney certain sums in cash, and agreed to give her a monthly allowance during her lifetime, furnish her with a house, and provide that his executors and administrators set aside a sufficient sum of money in trust to provide for her after his death. It sufficiently appears, if it is not, indeed, conceded, that the contract was in compromise of the appellee's claim for damages by reason of her seduction by the decedent in the State of Indiana, 25 years before.

Massie died in 1937. The appellant, not having set up a trust fund as provided in the agreement, and refusing to recognize appellee's claim against the estate, the appellee first brought suit in the Circuit Court of Daviess County, Kentucky, upon the same claim as is here involved. For reasons not made clear, the suit was dismissed without prejudice. The present suit in the United States District Court followed, which the appellant defended upon three grounds: (1), that the real consideration for the contract was a continuance of the alleged illegal relations of the plaintiff with Massie, begun many years prior to its execution; (2), that even though the sole consideration for the agreement was the settlement of a claim for damages based upon alleged seduction in Indiana, the contract was void under Kentucky law and may not be enforced in that state even though valid in Indiana; and, (3), that the plaintiff had mistaken her remedy and should have sued in equity for specific performance of the contract and not at law for damages.

While the state court proceeding was still pending, the appellant took the deposition of the appellee as if on cross-examination, and she was interrogated at length in respect to the consideration for the contract. Through the official stenographer of the County Court of Vanderberg County, Indiana, who took the deposition, the appellant sought, in the trial below, to prove, in support of her first defense, that the consideration for the agreement entered into by Massie was in part, at least, a commitment by the appellee that she would continue her illegal relationship with Massie, and that her obligations were fulfilled until his death. The answers of the appellee to the interrogatories propounded, as they were recorded in the deposition, purport to show that the consideration for the contract included the immoral and, therefore, illegal relationship therein mentioned. It is conceded that the law of Kentucky does not differ from the general rule announced in State Farm Mutual Automobile Ins. Co. v. Bonacci, 8 Cir., 111 F.2d 412, 414, 419, that "a party can not in his own case, be heard by a court to deny today what he solemnly swore was true on yesterday, without some explanation or excuse." Explanation and excuse were tendered by the plaintiff in the trial below, consisting mainly of her statement that when the interrogatories were put to her at the taking of the deposition, she had had no understanding of the meaning of the term "consideration," and she did not know what was meant by the phrase "sexual relations," though 47 years of age at that time. She denied categorically that the consideration for the contract was as indicated in the deposition. The court, considering the explanation and excuse sufficiently substantial to warrant the submission of an issue to the jury upon the question of illegal consideration, overruled a motion for directed verdict based upon that ground. Lame as the explanation may seem to us, it satisfied the jury, and in view of proof that the plaintiff was uneducated and illiterate, and had had no schooling beyond the second grade, it is impossible for us to say that the ruling of the court was erroneous. Cincinnati, N. O. & T. P. R. Co. v. Rimmer, 6 Cir., 37 F.2d 668.

The overruling of the motion for directed verdict, based upon the second ground of defense, brings us, however, to a contrary conclusion. The contract sued upon was executed in Kentucky though based upon an alleged seduction occurring in Indiana. It has long been the public policy of Kentucky, as pronounced by its courts, that enforcement will be denied to a contract such as here involved, for no right of action is recognized in Kentucky, either at common law or under its statutes, on behalf of a woman for her own seduction. Woodward v. Anderson, 9 Bush 624; Cline & Co. v. Templeton, 78 Ky. 550. This is so whether the suit is based upon the seduction itself, or upon an agreement to forbear to prosecute a claim therefor, and is upon the ground that the plaintiff in such suit is particeps criminis

and so may not profit by her own wrong. It follows, therefore, that if the seduction had taken place in Kentucky, recovery therefore would be denied in the courts of Kentucky, and a contract to forbear to prosecute a claim would likewise be denied enforcement, Cline v. Templeton, supra.

But the contract, it is urged, would have been enforcible in Indiana where the seduction took place, that state, at the time, having neither a statute nor a declared public policy prohibiting suits for seduction, and the question before us is whether, under the rules of comity, the contract was enforcible in Kentucky. We think the answer must be in the negative. In Union Trust Co. v. Grosman, 245 U.S. 412, 38 S.Ct. 147, 148, 62 L.Ed. 368, a contract of guaranty made by a wife to secure performance of the obligations of her husband, executed in Illinois though both were domiciled in Texas, was held inoperative to subject the wife's property in Texas to her husband's obligations when enforcement was sought in Texas. It was recognized that if the suit were brought in Illinois it would present broader issues, but that when brought in the court of the domicile of the wife there was no room for doubt. "It is extravagant," said the court, "to suppose that the courts of that place [Texas] will help a married woman to make her property there liable in circumstances in which the local law says that it shall be free, simply by stepping across a State line long enough to contract." This case gained nothing from the rule of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, because decided many years prior to that adjudication, and more recent decisions have given clear approval to its doctrine. Griffin v. McCoach, 313 U.S. 498, 506, 61 S.Ct. 1023, 1027, 85 L.Ed. 1481, 134 A.L.R. 1462; Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. In the first of the references it was said: "If upon examination of the Texas law it appears that the courts of Texas would refuse enforcement of an insurance contract where the beneficiaries have no insurable interest on the ground of its interference

with local law, such refusal would be, in our opinion, within the constitutional power of the Texas courts. Rights acquired by contract outside a state are enforced within a state, certainly where its own citizens are concerned, but that principle excepts claimed rights so contrary to the law of the forum as to subvert the forum's view of public policy." And quoting from Bond v. Hune, 243 U.S. 15, 21, 37 S.Ct. 366, 61 L.Ed. 565, the court held it to be "rudimentary" that a state "will not lend the aid of its courts to enforce a contract founded upon a foreign law where to do so would be repugnant to good morals, would lead to disturbance and disorganization of the local municipal law, or, in other words, violate the public policy of the state where the enforcement of the foreign contract is sought."

In the present case the court was not asked to enforce a contract made in a foreign state on behalf of one domiciled in Kentucky, but to enforce a Kentucky contract and impose upon a Kentucky estate obligations from which citizens of Kentucky are relieved because of the public policy of the state. The case is therefore one calling even more clearly for recognition of local policy than those that have been cited. There was no departure from the settled public policy of Kentucky in McMillan v. Massie's Ex'r, 233 Ky. 808, 27 S.W.2d 416. That case merely decided that no presumption arises from earlier unlawful acts that they were to be or were continued after lawful obligations were incurred by him whose estate was sought to be subjected to liability, and a reading of the opinion with its analysis of earlier holdings, indicates clearly that it is still the Kentucky rule that a female may not sue for her own seduction, or upon a contract based upon forbearance to bring such suit. In view of these conclusions it is unnecessary to comment upon the third of the defenses raised below. The court was in error in denying the motion for directed verdict.

Reversed and remanded with instructions to set aside the judgment and to dismiss the petition.