LIVANOS et al. v. PATERAS et al.

No. 6314.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1951.

Decided Nov. 5, 1951.

Burt M. Morewitz and Jacob L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on brief), for appellants.

Thomas M. Johnston, Norfolk, Va. (Hughes, Little & Seawell, Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WYCHE, District Judge.

DOBIE, Circuit Judge.

This is a suit in admiralty by eleven Greek seamen against the master, owners and operating agents of the Greek steamship Dirphys. These seamen claimed damages for false arrest, illnesses, illegal detention by Immigration Authorities and wrongful withholding of seamen's books, as well as indemnities under Greek law for wrongful discharge, long service bonuses under Greek Collective Agreement, maintenance, repatriation, wages, overtime, extra pay, illegal advances, and waiting time under Title 46 U.S.C.A. § 596 et seq. The total amount claimed by libellants is in excess of $125,000.00.

The District Court entered a decree on March 15, 1951, making the following awards to the libellants:

(a) For illegal advances to the eleven libellants in February of 1948 at Newport News ..................... $2,217.00

(b) For damages to Liaskos by virtue of respondent master's mistake in failing to include his name on vessel's crew list ................. 150.00

(c) For additional overtime due Liaskos ................. 40.00

(d) For additional overtime due Pagonis ................. 18.14

This decree denied recovery to the libellants on the numerous other claims and libellants have appealed to us.

The libellants were all employed on the steamship Dirphys between February 7th. and 11th., 1948, at Newport News, Virginia. Their claims are alleged to have arisen aboard the Dirphys on a voyage which began in Newport News, Virginia, in February, 1948, continued to various South American ports, through the Canal Zone, across the Atlantic to Rotterdam, and finally back to Newport News, where the voyage ended in July of 1948.

While the Dirphys was in Rotterdam, Holland, Livanos, Grigoriadis, Vatougios, Giakoumis and Tsakonas were removed from the Dirphys by the Rotterdam Police acting in compliance with the orders of the Greek Consul and the Greek Port Master of that City. The accounts of these five libellants were settled and compensation then due was paid to them at Rotterdam. Immediately after the arrest and removal of these five men, libellants Pagnois, Kouloubaritsis and Kondoudis deserted the ship. The other three libellants, Kyriakos, Liaskos and Sfekas remained aboard the vessel and completed the voyage, returning to Newport News on or about July 13, 1948.

On the arrival of the Dirphys in Newport News, the libellants Kyriakos and Sfekas complained of illness and were hospitalized where they received medical attention and were paid wages and maintenance. Liaskos, on arrival at Newport News, was detained for several days by Immigration Officials because of the respondents' neglect to include his name on the Dirphys crew list, but (as the District Judge found) the "error was promptly corrected."

All three of the libellants who returned to Newport News freely terminated their employment upon completion of the voyage. With the exception of two inadvertent clerical errors in computing the overtime of Liaskos ($40.00) and Pagonis ($18.14), which were corrected in the decree below, the wage accounts of all libellants were settled promptly.

The libellants-appellants seek to have us review and reverse the District Court on issues of fact. The only relevant inquiry on this appeal is therefore whether the findings of fact made by the District Judge were clearly erroneous.

A careful review of the record convinces us that these findings of fact were not clearly erroneous but, on the contrary, were supported by substantial evidence. So the decree below must be affirmed. We, accordingly, content ourselves with brief comments on what appear to be the more im-

portant contentions of the libellants-appellants.

■ As to the money paid to libellants in the Canal Zone, which libellants claim was in the nature of illegal advances, the District Judge found: "The libelants' evidence is that what was paid them at the Canal Zone had all been earned." This finding was amply sustained by the testimony of libellants Liaskos, Sfekas, Giakoumis and Kyriakos. It was further corroborated by the evidence of Captain Pateras of the Dirphys. See Mitchell v. Swift & Co., 5 Cir., 151 F.2d 770; Massie v. Parker, 6 Cir., 128 F.2d 99.

■ The District Judge found: "For the overtime and advances allowed by the Court, there will be no additional allowance for Waiting Time. 46 U.S.C.A. 596 et seq. *It cannot be said that any of this money was withheld without cause.*" (Italics ours.) Libellants claim further that the failure of respondents to pay certain overtime due the libellants Liaskos ($40.00) and Pagonis ($18.14) constituted a withholding of wages "without cause". The District Judge found: "The errors in the overtime calculations were apparently inadvertent clerical mistakes." These two findings find ample support in the evidence of Captain Pateras and Chief Engineer Georgilis. Liaskos did not complain when his account was settled; Pagonis did not testify. See O'Hara v. Luckenbach S. S. Co., 9 Cir., 16 F.2d 681.

■ As to the Rotterdam incident, the District Judge found: "The eight (8) libelants, Livanos, Pagonis, Kondoudis, Kouloubaritsis, Grigoriadis, Giakoumis, Vatougias and Tsakonas were not accused of crime, and *there arrest was not procured at Rotterdam in June 1948, by the respondents.* Five of them, Livanos, Grigoriadis, Giakoumis, Vatougias and Tsakonas were arrested upon the order of the Greek authorities, and on their refusal to leave the vessel they were taken ashore by the police. The other three voluntarily joined them." (Italics ours.)

The italicized portion of this finding is adequately based on the testimony of Captain Pateras: "They were taken by the Greek Government after order to the Greek Port Master of Rotterdam and the Greek Consul of Rotterdam." His version of the incident is supported by the log of the Dirphys. Of the five men removed from the ship at Rotterdam, only Giakoumis testified, and his testimony was quite inconclusive:

"Q. There were five of you men who were ordered by the Greek Consul to leave the ship, isn't that correct? A. Yes.

"Q. And those men were Michael Livanos, Grigoriadis, Vatougious and you, Giakoumis, and Tsakonas? A. Yes, sir.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. And after receiving his order, you went back aboard the ship, is that correct? A. Yes, sir.

"Q. When you got aboard the ship, the five of you told the master you weren't going to leave the ship, didn't you? A. Yes.

"Q. Now, you know the reason that the Greek Consul told you to leave the steamship Dirphys, don't you? A. I do not know anything absolutely."

None of the three libellants who deserted the Dirphys at Rotterdam testified in this case. Libellants have thus failed utterly to substantiate their claims of false arrest or unjustified discharge. See, Reliance Life Insurance Co. v. Burgess, 8 Cir., 112 F.2d 234.

■ Libellants claimed indemnities and bonuses under the Greek law. These are payable, under Article 361 of the Greek Commercial Code and the Greek Collective Agreement if, but only if, the seamen are discharged "without justifiable cause". The District Judge found: "None of the libellants can be classed as having been unlawfully discharged, and none of them is entitled to the provisions of Article 361 of the Greek Commercial Code." The District Judge further stated: "The libelants are not entitled to recover the long service bonus heretofore stipulated in the Collective Agreement. That part of the Collective Agreement was vacated by the Supplemental Agreement made in November, 1947, and the Court is of the opinion that the libelants are bound by this amendment."

These holdings, we think, were clearly correct. See, Mavromatis v. United Greek Shipowners Corp., 1 Cir., 179 F.2d 310.

We next come to the claims of Kyriakos and Sfekas for maintenance and cure. As to Kyriakos, the District Judge found: "His medical attention and hospitalization were paid for by his employer and he was paid in full all maintenance to which he was entitled." A like finding was made as to Sfekas. The record discloses ample support for these findings, particularly in the testimony of W. B. Chauncey. Cf. Pennsylvania Railroad Co. v. Chamberlain, 288 U.S. 333, 339, 53 S.Ct. 391, 77 L.Ed. 819.

The further claims of the libellants, beyond those allowed in the decree below, particularly for wages, were properly denied by the District Judge. We find no reason for adding to what was said in the opinion below, which divided the libellants into three classes: (1) Those removed from the ship at Rotterdam; (2) Those who deserted the vessel at Rotterdam; and (3) Those who returned with the Dirphys to Newport News.

The decree of the District Court is affirmed.

Affirmed.