## LOUISE B. PINNEY *vs.* JOHN R. HALL.

Suffolk.    March 28, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Construction of Building — Jury Trial.*

Where the plaintiff, who was carefully reaching to take hold of the post and stair rail to guide herself down the stairs of the defendant's building, and stepping forward to do so, suddenly fell down stairs and was injured, and it appeared that she knew she had reached the stairs and saw their construction, and there was no evidence that the place was insufficiently lighted, and nothing to connect the defendant's conduct in the construction of the stairs with the injury, it was *held* that an action for the injuries would not lie against the owner of the building.

HOLMES, J.   This is an action to recover for personal injuries caused by falling down a flight of stairs for which the defendant was responsible.   The judge below directed a verdict for the defendant, on the following facts.   The plaintiff was leaving an office in the defendant's building, and was " carefully reaching to take the post and stair rail to guide herself down the stairs, and stepping forward to do so, [when] she suddenly fell down and upon said stairs."   The head of the flight of stairs cut into the width of the entry nineteen inches, and the approach to the stairs on the side was open for these nineteen inches, being the depth of two stairs, as well as for the usual approach in front.   The light came through the glass windows and doors of the offices on the entry, and also up the stairs from below, but there was no evidence that the place was insufficiently lighted, and in the photographs the light is sufficient.   It would seem from the language just quoted from the report, that the plaintiff knew that she had reached the stairs, and saw their construction.   There is nothing to show that, as to her, they had the effect of a trap, as in *Currier* v. *Boston Music Hall Association*, 135 Mass. 414, and *Marwedel* v. *Cook*, 154 Mass. 235.   There is nothing stated which expressly connects the defendant's conduct or the construction of the stairs with the injury.   The case is the naked case of a person tumbling down stairs, and, unless it can be said that *res ipsa loquitur*, the judge was right in his ruling.   What is meant by *res ipsa loquitur* is, that the jury are warranted in finding, from their knowledge as men of the world, that such accidents usually

do not happen except through the defendant's fault, and therefore in inferring that this one happened through the defendant's fault unless otherwise explained. *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386, 387, 388. But that depends on the kind of accident. With regard to this kind, we are of opinion that a jury would not be warranted in laying down such a premise or in drawing such an inference.

We need not inquire whether under any circumstances it would be a question for the jury whether the defendant was liable for such stairs as these. Some rules and standards of conduct are plain enough for judges to be able to lay them down without the aid of a jury. It would seem that, when the elements of the case are so permanent, few, and simple as here, a jury ought not to be necessary. But we do not mean that in no case would the owner of such stairs be liable. See *Crafter* v. *Metropolitan Railway,* L. R. 1 C. P. 300, 303; *Larkin* v. *O'Neill,* 119 N. Y. 221; *Delaware, Lackawanna, & Western Railroad* v. *Napheys,* 90 Penn. St. 135.                              *Judgment on the verdict.*

*J. W. Pickering & J. F. Pickering,* for the plaintiff.
*E. Avery & A. E. Avery,* for the defendant.