JULIA G. SHEEHAN *vs.* ANNA M. HOLLAND.

Suffolk.   October 28, 1918. — October 29, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Of one controlling real estate, Matter of conjecture, Fall from unexplained cause.

In an action for personal injuries sustained on a winter day by reason of a fall caused by slipping on a step, alleged to have been defective and dangerous, leading to a door of the defendant's house which the plaintiff was invited by the defendant to enter, where there is no evidence that the step was defective in any way and the only evidence bearing on the cause of the injury is the testimony of the plaintiff, "I felt this slipperiness of something. My foot slipped sideways on something," there is nothing to warrant an inference that the defendant was negligent.

TORT for personal injuries sustained on December 28, 1914, by reason of a fall alleged to have been caused by slipping on a defective and dangerous step leading to a door of the defendant's house in Concord which the plaintiff was invited by the defendant to enter, when the plaintiff had come at the defendant's request

to do some dressmaking for the defendant.  Writ dated October 15, 1915.

In the Superior Court the case was tried before *Hitchcock,* J. At the close of the plaintiff's evidence, consisting merely of her own testimony, which is described in the opinion, the judge, on motion of the defendant, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. A. Gaston, F. E. Snow & R. M. Saltonstall,* for the plaintiff.

*H. N. Berry & C. C. Bucknam,* for the defendant.

BY THE COURT.   The plaintiff slipped as she was going on a December day at the invitation of the defendant up the steps to a door of the defendant's house.  The only testimony bearing upon the cause of the injury was that of the plaintiff to the effect that as she fell "I felt this slipperiness of something.  My foot slipped sideways on something."  There is no evidence in the record to show that the steps were defective in any respect.  There is nothing whatever to warrant an inference that the defendant was negligent. *Norton* v. *Hudner,* 213 Mass. 257. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. *Jameson* v. *Boston Elevated Railway,* 193 Mass. 560, 562.

*Exceptions overruled.*