[Crim. No. 911. First Appellate District, Division Two.—May 5, 1920.]

In the Matter of the Application of RUSSELL SANDERS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—VIOLATION OF PAROLE—FORFEITURE OF CREDITS—POWERS OF PRISON DIRECTORS.—Where a prisoner, while on parole, commits a second crime, the state board of prison directors has the power to forfeit not only his credits for good conduct which have already been earned on his first sentence but also such credits as might thereafter be earned by him on said sentence.

APPLICATION for a Writ of Habeas Corpus to secure the release of a prisoner held in the state penitentiary. Writ denied.

The facts are stated in the opinion of the court.

Russell Sanders, *in pro. per.,* for Petitioner.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—The petitioner applied for a writ of *habeas corpus,* alleging that he was illegally restrained of his liberty by the warden of the state penitentiary. Upon the hearing, it appeared that the petitioner, as prisoner No. 30164, was received at San Quentin prison, December 21, 1916, from Los Angeles County, for the crime of forgery, under sentence to serve a term of four years and six months. On this term he was allowed the credits provided for under section 1588 of the Penal Code, and the allowance of said credits reduced the term to a net sentence of three years, three months, and fifteen days, entitling him to discharge under that judgment and commitment on April 6, 1920. On that date, April 6, 1920, he was discharged as convict No. 30164, but has since been held in prison by virtue of another judgment and commitment under which he was received in prison on April 6, 1913, as prisoner No. 26423 from the county of Santa Barbara, for the crime of forgery under the sentence of eight years. The sentence imposed in Los Angeles County in 1916 was imposed to run concurrently with the first term, and was imposed while the petitioner was on parole.

On June 30, 1916, the petitioner, while serving the eight-year sentence, was released on parole. On December 16, 1916, the state board of prison directors ordered the parole of the petitioner revoked. Thereafter, he was carried as a parole violator until he was returned to the prison on December 21, 1916, at which time he was received, as before stated, from Los Angeles County on a judgment of conviction of a similar crime.

On January 27, 1917, the board of prison directors heard charges preferred by the state parole officer, charging the

petitioner with a violation of his parole. The prisoner was called before the board and the charge explained to him and he admitted it to be true. The board of prison directors thereupon adopted a resolution ordering forfeiture of all credits earned or to be earned by petitioner on the sentence he was serving when he was paroled, as a result of which order, petitioner is required to serve the eight-year sentence which he began serving on April 6, 1913. This eight-year term, with the five days lost from December 16, 1916, the day his parole was revoked, until December 21, 1916, the day he was returned to prison, requires his being held in custody until April 11, 1921.

[1] The petitioner's position is that the board of prison directors had no power to forfeit his credits for good conduct which had already been earned on his first sentence and which would thereafter be earned by him on said sentence, because of the commission of the second crime while upon parole. While the petitioner was on parole, he was constructively a prisoner; he had the civil status of a prisoner. Section 1588 of the Penal Code provides that "every convict who shall have no infraction of the rules and regulations of the prison, *or the laws of the state* recorded against him . . . shall be allowed from his term" certain credits. Said section also provides that "each convict shall be entitled to these deductions, unless the board of directors shall find that for misconduct or other cause he should not receive them." The section also provides that "if any prisoner in any manner violate any of the rules and regulations of the prison, he shall forfeit all deductions of time earned by him for good conduct before the commission of such offense, or that under this section he may earn in the future, or shall forfeit such part of such deductions as to the board of directors may seem just." The "ticket-of-leave" under which the prisoner was released from the prison set forth the conditions which must be observed by the parole prisoner under penalty of being returned to prison. These conditions include, of course, an observance of all the laws of the state. The prisoner violated a condition of his parole, and in doing so he violated a prison regulation. Having violated a law of the state during the period of his sentence, he forfeited his right to the credits for good conduct.

The minutes of the board of prison directors show that the petitioner was brought before the board and the charge of forgery explained to him, which he admitted; whereupon, by resolution of said board, his credits, past and future, were forfeited. Petitioner urges that he was not charged with evil intent. The crime itself implies an evil intent; the two are inseparable.

The petitioner argues that as a matter of public policy, section 1588 of the Penal Code should be so construed as to give to the board of directors no power to forfeit credits which might be earned in the future, as such a procedure leaves a prisoner without hope and without incentive to good conduct. This is indeed unfortunate; but there are numerous considerations of public policy connected with the question—one of the most important being that paroled prisoners shall not violate their paroles. For the purpose of accomplishing this result, it is desirable that the board have power to inflict such penalties as will act as a deterrent. There is no doubt that under the powers given the board by section 1588 of the Penal Code, if petitioner had broken a law of the state while actually confined in the penitentiary, the board would have had the power to forfeit his credits, past and future, upon the term he was then serving. He cannot be in a better position by reason of the fact that at the time of his offense he was being extended special privileges by the board under its power to parole prisoners. The writ is denied and the prisoner is remanded to the custody of the warden of the state penitentiary.

Brittain, J., and Nourse, J., concurred.