SARAH BORNSTEIN *vs.* R. H. WHITE COMPANY.

Suffolk.    March 22, 1927. — March 24, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of proprietor of store.  *Evidence,* Presumptions and burden of proof, Matter of conjecture.

An action of tort by a woman against the proprietor of a retail store for personal injuries caused when the plaintiff while in the store to make a purchase slipped upon a marble stairway could not be maintained upon testimony by the plaintiff "that as she started up the first step she saw a man about ten steps up with a mop; that he was mopping coming down the stairway . . . that she proceeded up the stairway and noticed nothing before she fell; that she slipped on the fifth step . . . that as she fell she noticed a wet spot on the surface of the fifth step which was four or five or six inches across . . . that she didn't notice any other step wet"; such evidence did not warrant a finding that the mop used by the defendant's servant was a wet mop and not a dry mop, nor an inference that the wet spot was caused by the defendant or had been upon the step any appreciable length of time; and therefore did not warrant a finding of negligence on the part of the defendant.

TORT for personal injuries.  Writ dated June 26, 1924.

In the Superior Court, the action was tried before *Raymond*, J.    Material evidence is stated in the opinion.    At the close of the evidence, the defendant moved that a verdict be ordered in its favor.    The motion was denied. The jury found for the plaintiff in the sum of $2,500.    The defendant alleged exceptions.

*C. M. Pratt*, for the defendant.

*J. T. Cassidy*, for the plaintiff.

Rugg, C.J.    This is an action of tort by one, who was in a retail store to make a purchase, to recover compensation for injuries sustained by slipping upon a marble stairway. Her testimony was "that as she started up the first step she saw a man about ten steps up with a mop; that he was mopping coming down the stairway . . . that she proceeded up the stairway and noticed nothing before she fell; that she slipped on the fifth step . . . that as she fell she noticed a wet spot on the surface of the fifth step which was four or five , or six inches across . . . that she didn't notice any other step wet."    The plaintiff also introduced evidence to the effect that porters were employed by the defendant to keep the store clean, for which they used brooms, brushes, mops and dusters.    There was no evidence of negligence on the part of the defendant.    There was nothing to show that the mop used by the defendant's servant was a wet mop and not a dry mop, and there was nothing to warrant an inference that the wet spot was caused by the defendant or had been upon the step any appreciable length of time.    The case is governed by *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19, *Sheehan* v. *Holland*, 231 Mass. 246, *Towne* v. *Waltham Watch Co.* 247 Mass. 390, *O'Brien* v. *Boston Elevated Railway*, 250 Mass. 192, and *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524.

*Exceptions sustained.*
*Judgment for defendant.*