ADELINE M. WALKER, PLAINTIFF-RESPONDENT, v. F. & W. GRAND FIVE-TEN-TWENTY-FIVE-CENT STORES, INCORPORATED, DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided May 21, 1927.

**Negligence—Injury to Customer in a Store Through Falling on Stairs Which Had Been Worn Smooth Through Use—Judgment For Plaintiff Reversed on Ground That Such a Situation Did Not Constitute Negligence—Case Heard Under Act of 1916, Page 109, Which Gives Aggrieved Party Right to Appeal Case Where There Is Any Error in Giving Final Judgment Without the Grounds of Objection Being Specifically Submitted.**

On appeal from the Elizabeth District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *McDermott, Enright & Carpenter.*

For the respondent, *Frank Cohn.*

PER CURIAM.

The defendant appeals from a judgment rendered against it in the Elizabeth District Court by the judge sitting without a jury at the suit of Adeline M. Walker, who claimed to have been injured by a fall due to the faulty condition of stairs in the defendant's store.

The. evidence disclosed that the plaintiff visited the store on the 21st of December, 1925, to make some purchases, and that as she was going down a stairway from the first floor to the basement she fell and sustained injuries. It was proven that at the edge of each step on all of the stairways in the store (there were two others) there was a brass metal nosing about one inch wide which had become worn by use, and it is inferable that the plaintiff slipped on one of these worn metal nosings. There was a motion for a nonsuit at the end of the plaintiff's case and this was denied and judgment rendered for the plaintiff. The refusal of the court to grant the motion for nonsuit and the rendition of the judgment for the plaintiff are the basis of the present appeal.

No exception appears to have been taken at the time the motion for nonsuit was made, and it is therefore not a ground of appeal. The act of 1916 (*Pamph. L., p.* 109), however, gives to an aggrieved litigant a right to have reviewed on appeal any error in the giving of final judgment without the grounds of objection being specifically submitted.

Upon the latter ground we must consider the case, and as a result we think the judgment below cannot be sustained. The facts practically parallel the case of *Garland* v. *Furst,* 93 *N. J. L.* 129, in which the proofs were identical, except in that case the offending instrument was a smooth, slippery

floor, and in the present case it was a smooth nosing on the steps. These nosings are such as are commonly placed on stairways where large numbers of people are passing up and down. It is common knowledge that such metals become smooth when worn, but under the case cited it does not constitute negligence to permit their continued use. The tendency of a much-used substance of any sort is to become smooth, and it would be a hard rule to require that floors, stairs, steps and similar constructions should be changed whenever use might smoothen their surfaces.

The respondent contends as ground for refusing consideration of the case that there is no state of the case presented in the record. This contention is not well founded. The record discloses that at the end of the book the judge used this language: "It is hereby stipulated that in addition to the foregoing testimony the state of the case in said cause is as follows." This is signed by the judge and the "foregoing testimony" is the stenographic transcript of the testimony taken in court.

The judgment is reversed.

Mr. Justice Kalisch dissents.