## McNEIL v. WILLIAM G. BROWN & CO.

Circuit Court of Appeals, First Circuit.
November 19, 1927.

No. 2146.

Negligence ⬤⟳136(22)—Negligence of store-keeper as to customer slipping on oil collected in depression in floor held for jury.

Evidence that plaintiff, a woman 65 years old, while a customer in defendant's store, at about 11 o'clock in the forenoon, was injured by slipping on oil that had collected in a depression in the floor, and which had been applied in cleaning the floor the preceding night or earlier, *held* sufficient to require submission of the question of defendant's negligence to the jury.

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Action at law by Catherine McNeil against William G. Brown & Co., a corporation. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

R. Chandler Davis, of Gloucester, Mass., for plaintiff in error.

Starr Parsons, of Lynn, Mass. (Eben Parsons and Parsons, Wadleigh & Crowley, all of Lynn, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of tort for personal injuries brought by the plaintiff, an alien, against the defendant, a corporation doing business at Gloucester, Mass. The accident occurred on July 15, 1925, at the defendant's store, where the plaintiff was shopping. Having completed her purchases, and while walking down the aisle of the store toward the door leading to the street, she slipped and fell, breaking her hip.

There was a trial by jury. At the close of the plaintiff's evidence the court directed a verdict for the defendant, and this writ of error was prosecuted.

The question presented is whether the evidence warranted a submission of the case to the jury.

The evidence, considered in the light most favorable to the plaintiff, tended to prove that she was a woman 65 years of age; that about 11 o'clock in the forenoon of July 15, 1925, and while she was a customer in the defendant's store, she slipped upon oil upon the floor, which caused her to fall and break her hip; that this occurred while she was walking through the store on her way out to the street; that she noticed nothing about the floor before the accident; that as she was walking along her right foot suddenly slipped causing her to fall; that the place where she fell was near the end of a counter; that her foot slipped on something like oil; that, having fallen, she was assisted to a chair near the spot where she fell; that, after being assisted to the chair, she saw a spot that looked like oil; that there was a hollow place in the floor, and the oil was in that place; that she noticed the mark of her foot in it; that, while sitting there, she pointed out the spot of oil to Mr. Brown, the defendant's manager, and spoke to him about it; that she also pointed it out to her sister-in-law, who came to her shortly after the accident; that the oil on the floor looked to her like something that they had put on the floor to keep the dust down; that the patch of oil was about a foot long and five inches wide.

It also appeared from the testimony of the defendant's manager, Mr. Brown, who was called as a witness for the plaintiff, that the floor of the aisle in question was made of hard pine; that he did not know how long it had been laid; that there had been a section relaid around the place where the plaintiff fell, but not at the spot where she had fallen; that the floors in the store were oiled "once in so often"; that the oil was applied by an Orient spray; that the floors were swept every night; that the only thing done to keep the floors in condition was "a nightly sweeping and an occasional application of oil"; that the night watchman swept and applied the oil; that he began his work at 6 o'clock at night and finished it at 6 in the morning, before the store opened. This witness also testified that it was his duty to supervise the work of the night watchman, but that he did not inspect his work very often; that on the morning of the accident he did not inspect the work done by the watchman the night before; that they did not sell oil in the store; and that, if there was oil on the floor, "it would be the usual oil applied on the floor for dressing."

From this evidence we think that the jury might reasonably have found that the plaintiff was on the defendant's premises at its invitation; that the floor of the aisle where she was invited to go had a slight depression in it, in which oil had been permitted to collect; that the plaintiff's fall was due to the presence of the oil; that the oil had been on the floor for at least five hours after the store was opened and prior to the accident; that the defendant might reasonably have discovered its presence; and that the plaintiff, while

in the exercise of due care, was injured by reason of the defendant's negligence. The District Court, therefore, erred in directing a verdict for the defendant.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court, for further proceedings not inconsistent with this opinion. Costs to the plaintiff in error.