ELIZABETH TACK *vs.* GEORGE T. RUFFO.

Suffolk. March 29, 1928. — May 24, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Of proprietor of store.

Where, at the trial of an action of tort for personal injuries against the proprietor of a meat market, there was evidence that there was "plenty of grease on the sidewalk in front of the premises every day of the week"; that customers were accustomed to enter the store and go up certain stairs to an office; that the plaintiff was asked by the defendant to go up the stairs to the office, and, in descending, slipped on grease on the stairs, findings were warranted that grease had been tracked from the store and sidewalk onto the stairs, rendering them slippery and unsafe to travel over, and that such condition had existed for so long a period of time as to charge the defendant with liability.

TORT for personal injuries. Writ dated July 17, 1925.

In the Superior Court, the action was tried before *Irwin,* J. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $250. The defendant alleged exceptions.

*W. I. Badger,* (*W. W. O'Hearn* with him,) for the defendant.

*J. F. Casey & A. M. McLean,* for the plaintiff, submitted a brief.

CROSBY, J.   There was evidence from which the jury could have found that the plaintiff had been a customer of the defendant; that on January 31, 1925, she went to his meat market, which was conducted in a store on a level with the street; that the meat was cut up and sold in the front part of the store; that at the left of the entrance a flight of six or seven steps extended up to an office occupied by the defendant's bookkeeper; that as the plaintiff entered the store she was told by the defendant to go to the bookkeeper's office and wait until he was at liberty to serve her, and that he would call her when ready; that she went to the office and a few minutes later, in response to the defendant's call, she started to go down the steps, and while on the second or third step from the top she slipped on "the greasy steps and fell the rest of the way"; that immediately after the accident the defendant looked at the steps and said he thought they were greasy. The plaintiff testified that they "seemed quite greasy to her"; that she also observed a scratch or mark over the edge of the step where she slipped.   A brother of the defendant, who worked in the store, testified that "he noticed plenty of grease on the sidewalk in front of the premises every day of the week"; that customers were accustomed to go from the store to the office at the top of the steps to pay bills, and to see his brother when he was in the office.   There was other evidence that there was grease on the floor; that beef, pork and poultry were carried in and through the store and poultry cleaned there.

From this evidence it could be reasonably inferred that grease had been tracked from the store and sidewalk onto the stairs, rendering them slippery and unsafe to travel over. *Blease* v. *Webber*, 232 Mass. 165.   *Judson* v. *American Railway Express Co.* 242 Mass. 269.   It could have been found that the condition complained of had existed for such a period of time as to charge the defendant with liability. *Frost* v. *McCarthy*, 200 Mass. 445.   *Parker* v. *Middlesex & Boston Street Railway*, 237 Mass. 291, 293.

It is not argued that the plaintiff was not in the exercise of due care; that question was for the jury independently of G. L. c. 231, § 85.

*Exceptions overruled.*