MARY A. BLAKE *vs*. THE GREAT ATLANTIC AND PACIFIC
TEA COMPANY.

Worcester.    September 25, 1928. — January 8, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Of proprietor of store. *Evidence*, Competency. *Practice*,
*Civil*, Exceptions.

At the trial of an action of tort against the proprietor of a store for per-
sonal injuries sustained by a customer, there was evidence that the
plaintiff slipped and fell upon a floor which, having become saturated
due to applications of a thick floor oil through many months of the
year and up to two months before the accident to the plaintiff, was
slippery at the time of the accident because of moisture tracked onto
it from the street by customers on a rainy day; and that no warning
was given that the floor was slippery and nothing placed upon it to
assist a firm footing. *Held*, that there was evidence for the jury of
negligence on the part of the defendant.

A witness properly was allowed to testify at the trial above described
that he noticed the condition of the floor before the accident, and
that it was slippery; such testimony was not an opinion, but a state-
ment of information derived by the witness from a physical sense.

Although testimony by a witness, that he told the manager of the store
that there was some substance on the floor and that the manager
replied, "Is that so? I will have to tend to it"; testimony by another
witness that he heard such conversation; and a note sent by the
manager to the plaintiff stating that the plaintiff's hat had been
found and that he would be down to see the plaintiff later, was in-
competent at the trial above described, its admission in the circum-
stances, in view of other evidence, was *held* not to constitute error so
prejudicial to the defendant as to require a new trial.

TORT for personal injuries resulting from a fall in a store
of the defendant on December 4, 1925. Writ dated March
24, 1926.

Material evidence and evidence admitted subject to the
defendant's exception at the trial in the Superior Court
before *Walsh*, J., is stated in the opinion. At the close of
the evidence, the judge denied a motion by the defendant
that a verdict be ordered in its favor. The jury found for
the plaintiff in the sum of $7,500, and the defendant alleged
exceptions.

*C. E. Tupper*, for the defendant.

*W. A. Murray,* for the plaintiff.

WAIT, J.  Upon the conflicting testimony in this case it was possible for a jury to find that the plaintiff slipped and fell in the defendant's store upon a floor made slippery by moisture over a considerable surface which had become saturated with oil through the application of a thick floor oil during many months of the year.  Moisture was brought into the store upon the feet, clothing and umbrellas of customers who came in during a rainy day from a somewhat slushy street.  The store was otherwise clean and well lighted and there was evidence to justify a finding that the plaintiff was in the exercise of due care.  We think that it could not be ruled, as matter of law, that the defendant was not negligent.  The floor had been oiled frequently up to the first of October before the accident and, possibly, at later times.  Nothing was placed upon it to assist a firm footing and no warning was given of slipperiness.  It is common knowledge that wood saturated with oil becomes slippery if moisture collects on its surface.  Whether the floor was so saturated, and whether moisture had so collected at the spot where the plaintiff fell, was for the jury to determine from the evidence.  The judge could not decide, as matter of law, that the condition was momentary, or inevitable, or so small in extent as easily to escape notice, or that a reasonably prudent man, knowing the condition of the wood and the usual result of inclement weather in causing moisture to be brought into the store, would not be negligent in failing to guard customers from slipping.  The case is obviously distinguishable from a fall caused by a substance so recently introduced that there was no sufficient notice of its presence, or opportunity to remove or guard against it. *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367.  *Mascary* v. *Boston Elevated Railway,* 258 Mass. 524.  *O'Leary* v. *Smith,* 255 Mass. 121.  *Sheehan* v. *Holland,* 231 Mass. 246. It falls within the class illustrated by *Tack* v. *Ruffo,* 263 Mass. 487; *Judson* v. *American Railway Express Co.* 242 Mass. 269; *Blease* v. *Webber,* 232 Mass. 165.

There was no error in refusing to direct a verdict for the defendant.

The defendant contends that it has been prejudiced in the admission of evidence.  An eyewitness, who had described the fall and the condition of the floor, was asked: "Did you notice as you walked over it . . . either before the accident or afterwards, what the effect on you was?"  After objection and exception, he was allowed to answer: "Yes"; and then was asked, without further exception, "What was the effect on you?"  The judge asked "When?"  The answer was: "Before.  The floor was slippery."  We see no error.  The question, in substance, was: "What did you observe as you walked over it?"  The answer: "It was slippery," is a statement of what he observed before the accident from feeling rather than from sight.  It was not matter of opinion but information gained from a physical sense.  The evidence was competent.

Another witness was allowed to relate a narrative of the happening given by the defendant's manager very shortly after the fall; and to testify that he told the manager "as I entered the door I slipped on the floor and very near fell myself. . . . I said there was some substance on the floor, I slipped on the floor as I entered the door and almost broke my neck," and that the manager replied: "Is that so?  I will have to tend to it."  The court struck out all except "I said there was some substance on the floor," and the manager's reply.  Still another witness was permitted to testify that she heard this conversation; and that it was in substance as the earlier witness stated.  This testimony was incompetent as hearsay.  *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 10, 11.  But in view of other evidence, we think the defendant was not so prejudiced by its admission that a new trial should be had.  Nor is the admission of a note sent by the manager to the plaintiff — "Mrs. Blake, we found your hat O. K.  I will be down to see you later.  Mr. Walsh, Manager" — although for the same reason erroneous, sufficient ground for ordering a new trial.  We must assume that the jury was adequately instructed.  It follows that entry is to be made.

*Exceptions overruled.*