SALOME TROTTIER *vs.* NEISNER BROTHERS, INC.

Worcester.   September 25, 1933. — October 30, 1933.

Present: CROSBY PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Of proprietor of store, Contributory.

At the trial of an action against the proprietor of a store for personal injuries sustained by a customer when he slipped and fell on the floor between two counters, there was evidence that about a month

before the accident the floor had been oiled, sanded and then swept; that it had been swept three times on the day of the accident with a brush which would take up any oil on the floor, the last sweeping having occurred about an hour before the accident; that the floor in the aisle in question was light in color in the center and very dark at the sides near the counters; that the plaintiff fell on that part of the aisle near one of the counters, where the floor was "very oily and greasy" and slippery; and that after the accident there was a "skid mark" a foot or a foot and one half long on the floor. *Held*, that

(1) A finding was warranted that the oil laid on the floor at the sides of the aisle about a month previous to the accident had not been worn away or removed properly;

(2) The evidence did not require a finding as a matter of law that the slippery condition of the floor at the place where the plaintiff fell was obvious to him;

(3) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence;

(4) A finding was warranted that the defendant had not used reasonable care to keep the floor in a safe condition for the use of the plaintiff as a customer;

(5) A verdict for the plaintiff was warranted.

TORT.  Writ dated September 20, 1929.

In the Superior Court, the action was referred to an auditor, and afterwards was tried before *W. A. Burns*, J. Material facts found by the auditor and material testimony are stated in the opinion.  Subject to leave reserved, a verdict for the plaintiff in the sum of $100 was recorded. Thereafter the judge ordered entered a verdict for the defendant.  The plaintiff alleged an exception.

*S. Lurier*, for the plaintiff.

*J. C. McDonald*, for the defendant.

PIERCE, J.  This is an action of tort in which the plaintiff seeks to recover damages for injuries sustained by falling upon a slippery and greasy floor on the premises maintained by the defendant, a department store in Worcester, as a result of the alleged negligence of the defendant in maintaining the premises.  The defendant filed a general denial, and further answered that the plaintiff was guilty of contributory negligence.  On March 15, 1932, the case was referred to an auditor with directions to hear the parties and their evidence "and report his findings to the court, together with such questions of law, . . . as any party may request."  The auditor filed his report on

May 9, 1932. At the trial to a jury on October 7, 1932, at the conclusion of all the material evidence, now shown in the plaintiff's bill of exceptions, the defendant presented a motion for a directed verdict in its favor. The judge denied this motion, reserving leave to order the entry of a verdict for the defendant after the jury's verdict and the defendant excepted. The jury returned a verdict for the plaintiff in the sum of $100 and thereupon the trial judge ordered entered a verdict for the defendant. To this order the plaintiff duly excepted.

The only testimony for the plaintiff, shown by the record, came from the plaintiff herself. Her testimony is uncontradicted that on August 2, 1929, at about two o'clock in the afternoon, "a beautiful day," she entered the premises of the defendant for the purpose of purchasing some stockings for her children. She gave the clerk money for them and after they were wrapped up and handed to her by the clerk, "she went to turn around" and as she turned around "she slid and slipped and went down . . . on the floor between the two counters." As she got up "she noticed that the floor was oily and greasy and [had] a big skid mark" on it. She "fell near the counter in the middle aisle." She "noticed the color of the spot where she fell and the color of the floor," and, when she got up, "this long line, and . . . the sides were dark and the center was light," and that "the floor where she slipped was very oily and greasy"; "near the edges [of the] counters it was very dark and the center was light." She "slipped on the side near the counter" and the "color of the floor there was dark but it was light in the center of the aisle." She further testified, in response to a request "to describe how the center aisle looked," that "the center aisle was a lot lighter than the edges; that the edges were slippery. That she meant the edges near the counter. That the skid mark that she observed as a result of slipping was about a foot or a foot and one half." When asked "how, if she knew, the skid mark got there or what caused it, . . . she said, 'Well, it was oil or grease that I slipped on, I presume.'" She testified as to her physical injuries and as to injuries to

her clothing, and exhibited to the jury a coat torn in two places on the sleeve and very greasy in front. She further testified that the place where she fell was a wooden floor and that she weighed at the time of the accident two hundred thirty pounds.

At the close of the plaintiff's testimony the auditor's report was introduced in evidence by the defendant and was the only evidence offered by it. The report as respects the fall of the plaintiff in the defendant's store and the circumstances which attended that fall is consistent with the testimony of the plaintiff. The auditor found that it was the practice of the defendant prevailing at the time to oil the floor once in sixty days; that this was done on a Saturday night; that after the floor was oiled all surplus oil was removed and the floor sanded with fine sand; that this coating of sand was allowed to remain on the floor for twelve hours, when it was removed and another coating of similar sand put upon the floor which also remained on for twelve hours and was then swept off; that the last oiling previous to the accident in question had been early in July, 1929, and the sanding process had followed; that on the day of the accident the floor was swept three times, one sweeping taking place at one o'clock in the afternoon, a brush being used which was of a type that would take up any oil which might be upon the floor; that the plaintiff at the time of the accident told the floorwalker that her fall must have been caused by a peel of a peach or by grease or oil on the floor; that she stated to the attorney for the defendant that she did not know whether she slipped on a peach peel or because the floor was slippery. The auditor did not find that the floor at the place of the accident was slippery, oily or greasy or that the plaintiff's fall was caused by such a condition. No evidence was offered by the plaintiff to show how long the alleged slippery or oily condition of the floor had existed prior to the accident. The auditor did not find that the fall was caused by negligence on the part of the defendant. He found for the defendant.

On redirect examination the plaintiff testified that she never told the attorney for the defendant that she slipped

on the peel of a peach, that she told him she slipped on oil or grease, and that she never told the floorwalker that she slipped on the peel of a peach.

The question at issue is whether upon the evidence most favorable to the plaintiff the judge ought to have directed a verdict for the defendant on the motion of the defendant. The evidence for the plaintiff would have warranted a finding that the wooden floor near the edge of the counter where she fell was very dark with something that looked like oil or grease; that the center of the aisle was light; that the floor was oiled sometime during the month previous to the accident; that the oil laid on the floor had been worn away in the center of the aisle or had not been laid uniformly upon the center and sides of the aisle; that the oil on the floor alongside the counters had not been worn away or effectively removed in the sweeping of the floor with a brush that would take up oil on the day of the accident or any time after the floor was oiled in July, 1929. It is plain the jury warrantably could find that there was no obviously slippery condition of the floor near the edges of the sale counters or that the floor near the edges of the counters in the main aisle was more slippery and required more care in its use than the floor in the center of the main aisle. There was, therefore, no evidence which required the jury to find that an ordinarily prudent person would have seen and appreciated the risk of falling upon the slippery floor near the edges of the sale counters, and guarded her steps; *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, *Crone* v. *Jordan Marsh Co.* 269 Mass. 289. It is equally plain that the evidence for the plaintiff warranted a finding that the floor on which the plaintiff slipped and fell was not reasonably safe and that the defendant should have known of and removed its dangers. *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12. The evidence was sufficient to warrant the jury in finding for the plaintiff.

*Exceptions sustained.*

*Judgment for the plaintiff on the verdict.*