## GREAT ATLANTIC & PACIFIC TEA CO. v. CHAPMAN.

### No. 6447.

Circuit Court of Appeals, Sixth Circuit.
June 7, 1934.

Byron Kuth of Cleveland, Ohio, and Gregor B. Moormann, of Cincinnati, Ohio (Kuth & Ehrke, of Cleveland, Ohio, on the brief), for appellant.

M. C. Harrison, of Cleveland, Ohio, and I. S. Ballard, of Akron, Ohio, for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment rendered in favor of the appellee for damages for personal injury.

As a preliminary question, appellant urges that the District Court erred in overruling its second motion for new trial filed on the ground of newly discovered evidence. The granting or denial of the motion was in the sound discretion of the trial court, and is not reviewable except for clear abuse of discretion. National Surety Co. v. Jean, 61 F. (2d) 197 (C. C. A. 6). No such clear abuse of discretion existed in this action by the District Court.

Appellant contends that the trial court erred in overruling its motion for a directed verdict at the close of plaintiff's testimony, renewed at the close of all the evidence. It urges (1) that there was no substantial evidence of negligence on the part of the appellant, and (2) that the appellee was guilty of contributory negligence as a matter of law. It was the duty of the appellant to exercise ordinary care on behalf of its customers to have its premises and the entrance thereto in a reasonably safe condition. McNeil v. William G. Brown & Co., 22 F.(2d) 675 (C. C. A. 1); Great Atlantic & Pacific Tea Co. v. Weber, 51 F.(2d) 1051 (C. C. A. 3).

Upon the question of appellant's negligence, the appellant operated a retail grocery store in Akron, Ohio, on the day upon which this accident occurred. The front entrance to the store consisted of a vestibule or recess, raised from the ground. From the recess or vestibule one stepped down to a smooth concrete strip, approximately ten feet wide which covered all of the premises immediately in front of the store, slanting with a grade of about one inch to the foot down to the public pavement maintained by the city of Akron.

On the morning of February 7, 1930, the appellant's store opened at 7 o'clock. At approximately 8 o'clock appellee came to the store, purchased a sack of flour weighing 24½ pounds, and a can of Crisco, and walked out of the front entrance. His feet flew forward, and he fell. The walk had snow on it, and appellee had no knowledge that there was ice on the sidewalk until he discovered that where his foot slipped "there was ice under the snow." In the fall he suffered an impacted fracture of the left femur.

The United States weather reports for the city of Akron showed that the two days before the accident had been considerably colder than the day of the accident, and the temperature on that morning was higher than freezing. One witness testified that the private pavement in front of the store was very slippery, covered with ice, and that this ice was covered "with a light skift of snow." Another witness testified that there was a "little skim of snow on top of the ice," and that the snow upon the private pavement "had been trampled. It showed the effect of having been walked over considerably." The appellee said: "I discovered a mark on the sidewalk where my feet had flew from under me. It was just a mark of my feet slipping and scrubbing the snow off of the ice." This testimony was sharply controverted. However, the record presents substantial evidence from which the jury might find that ice had exist-

ed on the private pavement for a considerable period of time, long enough to put the appellant on notice of the dangerous condition, and that it was concealed by a light fall of snow.

■ If substantial evidence be introduced sufficient to take the case to the jury, no amount of contradictory evidence will authorize the trial court to direct a verdict. Grand Trunk Western Railway Co. v. Collins, 65 F.(2d) 875 (C. C. A. 6).

The appellant contends that the appellee did not fall upon its premises, but upon the paved strip adjoining its property, which strip was under the control of the Shell Petroleum Company. Upon this point there was substantial evidence not only from the appellee, but from two witnesses who helped the appellee up immediately after his fall, tending to show that the accident occurred upon the premises of the appellant.

■ The appellant contends also that it was not liable for the condition of the pavement because it had been dedicated to public use, being used by the public generally as a thoroughfare. However, while some general use of the private pavement was made by the public, the appellant controlled it and used it for its own purposes as an entrance to its store and as a place for exhibiting merchandise in front of its store windows. There is a total lack of evidence that the city repaired, improved, or in any way assumed control over the setback.

Upon the point that the appellee was guilty of contributory negligence as a matter of law, appellant adverts to appellee's testimony that as he walked out of the store he held the packages "in front" of him, and said, "That would be the reason you couldn't look straight down and see, yes."

The appellant construed this as an admission that appellee walked out of the entrance without looking where he was going and holding the groceries in such a manner that he could not see the sidewalk in front of him.

■ Appellee was a regular customer at this store. As he came out of the entrance, he was walking upon a path which was familiar to him. All that was required was that appellee should act under the circumstances as an ordinarily prudent person would act. The controlling question was not whether appellee did not look down as he walked along this known way, but whether an ordinarily prudent person, under such circumstances, would have acted as he did. National Life Ins. Co. of U. S. v. McKenna, 226 F. 165 (C. C. A. 8); Mosheuvel v. District of Columbia, 191 U. S. 247, 24 S. Ct. 57, 48 L. Ed. 170;

City of St. James v. Stacy, 203 F. 35 (C. C. A. 8); Dewire v. Bailey, 131 Mass. 169, 41 Am. Rep. 219.

■ These cases hold that it is not negligence per se for a pedestrian to walk upon a path in which he knows that some defect exists. A fortiori, it is not negligence per se for a pedestrian to walk in an ordinarily prudent manner upon a known path which to his knowledge presents no danger. It was not negligence as a matter of law for appellee, who was well acquainted with the entrance to the store and with the pavement, to walk out when his vision was to some extent obstructed by some packages in his arms, without looking down to see whether there was ice or snow on the pavement. The evidence upon this point presented a question for the jury.

The judgment of the District Court is affirmed.