## BATSON v. WESTERN UNION TELEGRAPH CO.
### No. 7440.

Circuit Court of Appeals, Fifth Circuit.
Jan. 16, 1935.

Frank O. Spain, of Hollywood, Fla., and L. O. Casey, of Miami, Fla., for appellant.

J. Julien Southerland, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

**HUTCHESON, Circuit Judge.**

Appellant, entering appellee's premises to send a telegram, slipped and fell. Her suit for the injuries she sustained went against her. The District Judge, when her evidence closed, of the opinion that her own testimony (she was the only witness offered to show what happened) showed she had no case, instructed a verdict for defendant. She urges upon us that in doing so he fell into the error of drawing his own fact inferences from what she said, instead of letting the jury draw them.

Appellee insists that appellant's testimony, clear, definite, simple, and brief, admits of only one inference, and that against her case. As it is determinative of her appeal, we set it out:

"On the 19th of March I went to the office of the Telegraph Company, I parked my car outside the office. As I was about to enter, I noticed a colored boy with a mop and pail with something in it which appeared to be an oily substance. He had just finished oiling or mopping the floors. I used due care on that account, because I noticed that in spots the floor was damp. As I entered my right foot slipped out immediately from under me, and in an effort to save myself, I reached for the desk, but pivoted completely around before I reached any obstacle at all to hold myself. There was a chair between me and the desk which struck me on the chest. * * *

"Q. At the time of the accident, did you have any conversation with Mrs. Carlisle? A. Yes. While I was still resting my head upon the table. Mrs. Carlisle said 'Were you hurt?' I said—'I feel as though I had punctured a lung' and Mrs. Carlisle said 'I am sorry; they shouldn't oil the floors during business hours.' Afterwards, Dr. Bowman suggested I give my name, which I did. Mrs. Carlisle then said to Dr. Bowman 'she admitted that the floor was oily or damp.' * * *

"Q. Where was the boy standing that you referred to, who had the mop and pail? A. Directly in front of me as I entered.

"Q. Was he inside or outside the office? A. Inside the office.

"Q. What kind of pail was it? A. A galvanized iron pail, the ordinary size for that purpose.

"Q. What kind of mop was it? A. A regulation mop.

"Q. What kind of substance was it you saw on the floor? A. An oily substance.

"Q. You saw it before you went into the office? A. I did."

Appellant insists that her case falls within the rule announced in Judson v. American Ry. Express Co., 242 Mass. 269, 136 N. E. 103, Trottier v. Neisner Bros., 284 Mass. 336, 187 N. E. 619, and hosts of like cases,[1] that the proprietors of business places are under a duty to customers resorting there during business hours and for business purposes to exercise due care to make and keep the premises reasonably safe for their use.

[1] Ward v. Avery, 113 Conn. 394, 155 A. 502; Lamb v. Purity Stores, Inc., 119 Cal. App. 690, 7 P.(2d) 197; Christopher v. Russell, 63 Fla. 191, 58 So. 45, Ann. Cas. 1913C, 564; Savona v. May Dept. Stores Co. (Mo. App.) 71 S.W.(2d) 157; Great Atl. & Pac. Tea Co. v. McLravy (C. C. A.) 71 F.(2d) 396; Rothschild v. Fourth & Market St. Realty Co. (Cal. App.) 34 P.(2d) 734; Wiard v. Market Operating Corporation (Wash.) 34 P.(2d) 875; Great Atlantic & Pac. Tea Co. v. Chapman (C. C. A.) 72 F.(2d) 112; Ex parte Sanders, 47 Cal. App. 368, 190 P. 647; McNeil v. Brown (C. C. A.) 22 F. (2d) 675; Bensch v. Ferkler, 153 Md. 680, 139 A. 557; Haverty v. Jewell, 38 Ga. App. 395, 144 S. E. 46; Blake v. Great Atl. & Pac. Co., 266 Mass. 12, 164 N. E. 486.

Appellee admits the general rule to be as stated. It denies its application here. It points to the absence in those cases, the presence here, of knowledge on the customer's part of the condition which it is claimed made the place unsafe; to the presence there, the absence here, of evidence that the treatment the floor had just been and was being given when plaintiff came in was in itself or in the way it was applied, unusual or dangerous. It points, too, and this it says is fatal to plaintiff's case, to the fact that plaintiff knew exactly what had been done to the floor and fully appreciated the nature and source of the dangers resulting. It argues that this is not a case, as some of those relied on by plaintiff were, of floors made unsafe by the presence on them of obstacles, or substances which should not have been there, Ex parte Sanders, 47 Cal. App. 368, 190 P. 647, a piece of meat, Great Atlantic & Pacific Tea Co. v. Chapman (C. C. A.) 72 F.(2d) 112, and Great Atlantic & Pacific Tea Co. v. McLravy (C. C. A.) 71 F.(2d) 396, ice in a vestibule. Nor is it a case as McNeil v. Brown (C. C. A.) 22 F.(2d) 675, and the others cited in the note were, of an unsafe condition brought about by washing or oiling floors, a condition known to defendant, but not known to plaintiff. This it says was, on the evidence plaintiff herself offered, a case of an ordinary and proper washing and oiling of the floors which, if it produced a condition of danger, produced one of which plaintiff fully knew, and the risks of which she voluntarily assumed. It insists that this case, as far as cases, where the question is whether the facts make a jury issue, can be ruled by others, is ruled, not by those appellant cites, but by such cases as Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22; Hendricks v. Maison Blanche, 5 La. App. 410; Carey v. Sellers, 41 La. Ann. 500, 6 So. 813; Vogt v. Wurmb et al., 318 Mo. 471, 300 S. W. 278;[2] Reid v. Mimico, 1 D. L. R. 235 (Ontario).

■ We think appellee is right. Here there was no foreign substance wrongfully on the floor, lying unobserved there to make a secret hazard known to the proprietor, unknown to the customer, as there was in the case where meat had been dropped and left to lie, or where ice had been allowed to accumulate in an entrance way to form a slippery surface. Neither is this a case of a slippery condition caused by washing and oiling floors in a manner and under circumstances causing danger of which the proprietor knew and the customer did not. This is a case where the customer, having full knowledge of the condition obtaining, and of the risks attending walking on a floor recently washed and oiled, took a chance of slipping, contenting herself, as she made the attempt, with, in her own words, the precaution she took to exercise due care on account of the condition. Her testimony brings her case directly within those cases holding that no case of negligence is made out, for "the true ground of liability in a case of this kind is the proprietor's superior knowledge of the perilous instrumentality, and the danger therefrom to persons going on the property." 20 R. C. L. 56 par. 52. "It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured, that a recovery is permitted. And hence there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant." Id., quoted with approval in Vogt v. Wurmb, supra.

The Maison Blanche Case, supra, stated the principle this way: That to maintain an action by a customer against the owner of a store for apparent defects at least two elements must exist, fault on the part of the owner and ignorance of the danger on the part of the customer. The Bridgford Case, supra, which was a suit for injuries sustained by one going with knowledge of its condition on a wet basement floor, puts it this way:

"Upon this testimony it is plain that the plaintiff, while she was waiting at the counter for her grip, saw the porters mopping up the floor, and that the floor was moist between the check counter and the steps. Hence she knew of the very condition which she claims rendered the floor unsafe, and her accident was not the result of defendant's failure to give her notice or warning, even if it be conceded that ordinary care required notice that an ordinary wood floor in a well-lighted room was moist or damp, which is at least doubtful. See Am. Tobacco Co. v. Adams, 137 Ky. 414, 125 S. W. 1067. Certain it is that the mere fact that the floor was moist or damp did not render it so dangerous as to require of defendant, in the exercise of ordinary care for the safety of its customers, that it should

[2] Kresge v. Fader, 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132 and note; Garland v. Furst, 93 N. J. Law, 127, 107 A. 38, 5 A. L. R. 275 and note.

place barricades across the entrance to the basement and prevent its use altogether until the floor was entirely dried out. We are inclined to the opinion that proof simply that an ordinary wood floor in a well-lighted room is moist or damp is no evidence that it is not in a reasonably safe condition for use, but, if mistaken in that, we are quite sure that one who uses such a floor with full knowledge of its condition assumes any and all risks incident to its use." Cf. Reid v. Mimico, supra.

Appellant's argument that the doctrine of res ipsa loquitur applies will not do. It is perfectly clear that that doctrine has no application here. It does not apply in cases where, as here, the situation is fully explained by evidence showing no negligence. It applies only when the thing shown speaks of the negligence of the defendant, not merely of the occurrence of an accident. Garland v. Furst, 93 N. J. Law, 127, 107 A. 38, 5 A. L. R. 275; Pinney v. Hall, 156 Mass. 225, 30 N. E. 1016; Spickernagle v. Woolworth, 236 Pa. 496, 84 A. 909, Ann. Cas. 1914A, 132; Hathaway v. Chandler, 229 Mass. 92, 118 N. E. 273; Rosen-Steinsitz v. Wanamaker (Sup.) 154 N. Y. S. 262; Olson v. Whitthorne, 203 Cal. 206, 263 P. 518, 58 A. L. R. 129; Walker v. Grand Stores, 137 A. 563, 5 N. J. Misc. 541; Bornstein v. White, 259 Mass. 34, 155 N. E. 661. Cf. Tack v. Ruffo, 263 Mass. 487, 161 N. E. 587. See Robinson v. Woolworth, 80 Mont. 431, 261 P. 253.

Recognizing, as we must, that some of the cited opinions tend to find a jury case made out more freely than others do,[3] we do not find ourselves compelled to choose between them, for plaintiff's own testimony puts her case outside of those cited which are the most liberal to her view. There was nothing here the jury could have inferred in addition or in opposition to what she told them; her story of the occurrence was candid and clear, and there was no other. If they believed it occurred as she said it did, the jury could not have found negligence. The facts gave rise to only one inference, and that a peremptory inference of no liability. They demanded an instruction for the defendant.

The judgment was right; it is affirmed.

[3] Cf. Bell v. Great Atl. & Pac. Tea Co., 288 Pa. 160, 135 A. 607, with the two A. & P. cases in 71 and 72 F.(2d) supra. Contrast Williamson v. Hardy, 47 Cal. App. 377, 190 P. 646, with Norton v. Hudner. 213 Mass. 257, 100 N. E. 546, 44 L. R. A. (N. S.) 79.