KATHRYN J. PAULL *vs.* ROSE A. RADLO.

Suffolk.    January 14, 1936. — February 25, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence*, Presumptions and burden of proof. *Negligence*, Employer's liability. *Agency*, Scope of authority, What constitutes, Independent contractor.

A finding for the plaintiff, in an action by a shop girl against her employer for personal injuries resulting from a fall upon linoleum negligently left oily by an employee of the defendant, was warranted although the defendant expressly had forbidden the employee to use oil, it appearing that there was evidence that the employee was to use his own judgment as to how the work was to be done and that the oiling of the linoleum was done in the course of his employment.

Evidence, that the employer of one hired by the week to sweep and clean a shop did not exercise any control over him, but that he used his own judgment in doing the work, did not as a matter of law make him an independent contractor rather than a servant: the test of the relationship is the right to control.

If, at the trial of an action, the plaintiff relies on testimony of other witnesses as well as on his own respecting liability of the defendant, it is proper to refuse to rule that "As matter of law the plaintiff is bound by" his "own testimony and cannot prevail in this action upon said testimony."

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated January 20, 1933.

The only averment in the declaration as to the cause of the personal injuries was that they resulted from "the negligence of the defendant, her servants, agents or employees." There was no bill of particulars.

In the Municipal Court the action was heard by *Good,* J., who found for the plaintiff in the sum of $1,500 and reported the action to the Appellate Division, which ordered the report dismissed. The defendant appealed.

*J. B. Abrams,* for the defendant.

*J. B. Sly,* for the plaintiff.

CROSBY, J. The plaintiff seeks to recover for personal injuries received on March 10, 1932, while in the employ of the defendant, who was not a subscriber under the workmen's compensation act. G. L. (Ter. Ed.) c. 152. At the time of the alleged injuries the plaintiff was a saleswoman in the defendant's store. She testified that her injuries were the result of slipping and falling on the floor which was covered with linoleum and had been oiled.

The plaintiff called as a witness one Whiting who testified that he was a janitor for the George Robert White Fund, the owner of the building in which the defendant's store was located; that he was employed directly by the owner of the building; that the defendant employed him to clean her store in the morning; and that he was employed "to vacuum the carpet there and sweep around the border which was linoleum and occasionally he would wipe that up with warm water." He further testified that on the day of the accident the plaintiff was sitting in a chair and seemed faint; that the linoleum looked a little white and to brighten it he rubbed some O-Cedar polish on it with a small piece of cloth and wiped it with another cloth; that he had never used that polish on the floor before; that he put the polish on the floor at about 9:30 o'clock; that he did not intend to leave it wet; and that he applied only a sufficient amount to brighten up the linoleum. He further testified "that he had a talk with the defendant several days after the accident; that the defendant said, 'I didn't

tell you to put any polish on the floor'; and that the witness had nothing to say because he knew she was telling the truth." On cross-examination he stated that the defendant did not exercise any control over him; and that the store was covered by a large carpet or rug with the exception of a small border about three feet wide which was covered by linoleum. On redirect examination he testified that when he finished polishing the floor he did not look to see if there were any wet places on it; and that he did not look to see whether there was any oil on the plaintiff's clothes when he saw her sitting on the chair near where she fell.

The plaintiff testified that at the time the accident occurred she had dusted her desk, and walked over to dust the desk used by customers; that she fell while going from her desk to that of the customers; that she had fallen practically "face first although she was conscious of her heel slipping"; that she noticed a great deal of oil on the linoleum where she fell, and that she was in it; that her hands "were full of oil"; and that there was also oil on her clothing on the side where she had fallen. She testified on cross-examination that she was told that she had testified, "I had dusted my desk and I walked over to dust the desk used by the customers. When I awakened I found I was on the floor"; that later she corrected that statement and said that she was stunned; that there was oil on her hand and on her clothes; that the girls in the store wiped the oil off her hands; that the oil on her dress was shown to her; and that three of the girls pointed out oil on the floor where she fell.

The defendant testified that her agreement with the janitor Whiting was that "he was to clean up the carpet, to vacuum the carpet and dust around"; that she paid him $4.50 per week; that she gave him specific instructions never to use any polish on the furniture or the floors or the linoleum of her store; that she did not supply him with any materials; that she asked him what happened, and he stated "that he just simply polished the linoleum up a little"; that she asked him "what right he had to use

anything when she wanted the place with a dull finish,'' and he stated that ''he was sorry he had done anything, but that he had just simply done it on his own accord''; and that ''before she hired Whiting, he wanted to use polish and she told him not to use any polish on any of her things because she did not wish any gloss — only a dull finish.''

The plaintiff called in rebuttal a witness who testified, subject to the objection of the defendant, that he was manager for a linoleum floor works for two years; that he had installed, painted, waxed, polished and done all kinds of work in the care of linoleum; and that he found that an oil finish on floors causes linoleum to deteriorate. He was asked what effect an application of O-Cedar, or any other oil finish, would have on battleship linoleum, and answered that he found on various jobs that trouble resulted; ''that the oil never dries; that it never entirely evaporates; there is always oil left in a thin coat on the surface and my experience has been that it will be always slippery.'' This witness testified on cross-examination in part as follows: He did not know what the ingredients are that make up O-Cedar polish or what the effect of O-Cedar polish on any linoleum would be. Without knowing what was in the can he was willing to state the effect of it on a linoleum floor. ''When asked what would be the effect of putting on oil polish, either O-Cedar or any other oil polish, on battleship linoleum, the witness testified that if the paint was worn off, the oil would soak into the cork and if the paint on the linoleum had been worn off through use, the oil would have soaked right into the cork of the linoleum.''

The defendant objected to the exclusion of a question asked by her counsel on re-cross-examination of the witness Whiting as follows: ''were you close enough to Miss Paull so if there had been any oil on her clothes you were in a position to see it?'' The exclusion of this question shows no reversible error. The undisputed evidence shows that the witness was near the plaintiff and testified that he did not see any oil on her clothes. The exclusion of secondary evidence of the contents of letters written by the defendant

to the plaintiff after the plaintiff was injured fails to show any error.* The objection of the defendant to the admission of evidence tending to show that the plaintiff was injured because of slipping on a "slippery greasy oil substance" placed upon the linoleum, upon the ground that it was outside the scope of the specifications, is without merit.

At the close of the evidence the defendant presented thirty-two requests for rulings. The judge granted some of them, ruled that one was inapplicable, and denied the others. He found for the plaintiff in the sum of $1,500. The case was reported to the Appellate Division, which ordered the report dismissed. The defendant appealed from that order.

Although the evidence was conflicting as to the cause of the plaintiff's fall, it could have been found that it resulted from the slippery condition of the linoleum caused by oil placed thereon by the defendant's employee Whiting. The defendant testified that she gave Whiting specific instructions never to use any polish on the furniture, floors, or the linoleum of her store. That the defendant had expressly forbidden Whiting to use oil on the linoleum is not conclusive if his using it would be an act otherwise within the scope of the employment. *Barden* v. *Felch,* 109 Mass. 154. *Philadelphia & Reading Railroad* v. *Derby,* 14 How. 468. *McClung* v. *Dearborne,* 134 Penn. St. 396. Mechem, Agency (2d ed.), § 1892. The witness Whiting testified that the defendant did not exercise any control over him; that he would use his own judgment as to how the work was to be done; and that nobody "bossed" him as to how the work was to be done. Upon the foregoing and other evidence it could be found that Whiting was to use his own judgment as to how the work was to be done, and that the oiling of the linoleum was work done by Whiting in the course of his employment by the defendant, rendering her liable for negligence. *Howe* v. *Newmarch,* 12 Allen, 49. *Zerngis* v. *H. P. Hood & Sons,* 255 Mass. 603.

---

* The record states: "Notice to produce these communications was given to the plaintiff's counsel in open court and counsel stated he had no such letters." — REPORTER.

The defendant's seventh request, that as matter of law upon the evidence Whiting was an independent contractor, was rightly denied. The test of the relationship is the right to control. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 238. The evidence would not warrant a finding that the witness Whiting was an independent contractor. The relationship was that of master and servant. The defendant's ninth request, that "As matter of law the plaintiff is bound by her own testimony and cannot prevail in this action upon said testimony," was rightly denied. There was other testimony than that of the plaintiff. *Title Guaranty & Surety Co.* v. *Fred T. Ley & Co. Inc.* 238 Mass. 113, 120. *Smith* v. *Import Drug Co.* 253 Mass. 368. It is unnecessary to consider separately each of the thirty-three requests for rulings. They have all been considered, and it is sufficient to state that no error is found by reason of the manner in which they were dealt with by the trial judge. The rulings relating to evidence fail to show any error.

The case is governed in principle by what was decided in *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, and *Trottier* v. *Neisner Brothers, Inc.* 284 Mass. 336, and is distinguishable in its facts from those appearing in the case of *Peterson* v. *Empire Clothing Co.*, *ante*, 447.

*Order dismissing report affirmed.*