Jones, P. J.
This is an action of tort for personal injuries sustained by the plaintiff by reason of falling at the entrance to the defendant’s store while she was lawfully using the defendant’s entrance. Defendant’s answer is a general denial and contributory negligence.
The defendant requested the Court to give the following requests:
2. The plaintiff did not exercise that degree of care which an ordinarily prudent and cautious person would have exercised.
4. The plaintiff has failed to sustain the burden of proving by a preponderance of the evidence that her injury was caused by the negligence of the defendant, its agents or servants.
6. The plaintiff was a licensee at the time of the alleged accident.
8. There is evidence in this action to warrant a finding for the defendant.
9. The evidence does not warrant a finding for the plain- . tiff.
*146 These were denied and the Court made the following findings of fact.
‘ ‘ There was no evidence that the plaintiff was negligent or not using the ordinary care of the usual patron. This entrance was a recessed place exposed to rain and to dripping from constant passing patrons. It was raining this day and the recess was wet, and this would make it slippery, all of which was known to the defendant. The plaintiff slipped and fell here and was injured. I find this condition was negligent on the part of the defendant, and something from which patrons, and the plaintiff as one of them, should have been protected.”
The plaintiff in this case, as appears by the report, was as an invitee entering the defendant’s men’s store in Boston by way of the Washington Street entrance. As such invitee, she was bound to prove by a fair preponderance of the evidence that her injury was caused by the negligence of the defendant, and it was so ruled at the request of the plaintiff. The only evidence in the ease is that the platform she was using to enter the defendant’s store, was smooth, well lighted, and of cement or marble construction. At the time, it was raining and had been for several hours. The whole platform, over which the plaintiff was passing, was wet with dirty water. It could be found that she slipped and fell to her knees and slid the remainder of the distance to one of the doorways leading into the building. The defendant was bound to provide means of safe ingress and egress to and from its store for the plaintiff entering its store upon business, and is liable in damages for any injury that may have happened by reason of any negligence in the mode of constructing* or managing the place of entrance and exit. Sweeney vs. Old Colony & Newport R. Co., 10 Allen, 368, 373.
And in this case the plaintiff coming upon the defendant’s premises for a purpose as stated, as an invitee, the de *147 fendant owed her a duty of due care in the maintenance and care of the surface of the entrance in question. Brosman vs. Kaupman, 1936 Adv. Shts. p. 1191; Plummer vs. Dill, 156 Mass. 426-427; Norris vs. Hugh Nawn Contracting Co., 206 Mass. 58-61.
There is no evidence that the condition existing at the trial was such that any duty rested upon the defendant to correct such condition. It was wet, but the mere condition of being wet would not impose any duty upon the defendant; and the same is equally true of “dirty water” on the surface of the entrance. There is also absence of any evidence showing that defendant or its servants knew or should have known that the premises were in a dangerous condition, or not reasonably safe for use. It did appear that the premises had been wet for four hours previous to the accident, but nothing more appears in this respect. There is no evidence of the length of time any other conditions complained of had existed. Newell vs. William Filene’s Sons Co., 1937 Mass. Adv. Shts., p. 289.
That the surface of the entrance was smooth, without any other description, could hardly be termed a defective condition. Neither can it be said that being “wet with dirty water” created such a condition.
In the case at bar there is no evidence that the surface of the platform was other than in a safe and suitable condition for passing over it, and there is nothing in the record to show that its condition was not obvious to the plaintiff, before she fell, so that the cases, relied upon by the plaintiff, of Bennett vs. Jordan Marsh Co., 216 Mass. 550; Judson vs. American Ry. Express Co., 242 Mass. 269, where the floor upon which plaintiff fell was “very greasy and sloppy” and “slimy”; Grogan vs. O’Keeffe’s, Inc., 267 Mass. 189, where plaintiff was allowed to hold a verdict because the plaintiff fell through an unguarded trap door, *148 do not seem in point with the present case. Tack vs. Ruffo, 263 Mass. 487 was a much stronger case for plaintiff than this.
There is also no evidence to show that the plaintiff knew or should have known that the platform was in a condition as to he dangerous for passage. Manning vs. Smith, 1938 Mass. Adv. Shts., p. 233. No rain had fallen on the surface; it had dripped from the roof around the platform. How long the water on the platform had been dirty does not appear.
Under the circumstances, the inference cannot be properly drawn, that the condition complained of had existed so long that defendant was guilty of lack of reasonable care in not disclosing and remedying the condition. Rosenthal vs. Central Garage of Lynn, Inc., 279 Mass. 574-576; Mc-Breen vs. Collins, Admx., 284 Mass. 253; Johnson vs. Warner Bros. Circuit Management Corp., 1938 Mass. Adv. Shts., p. 1655.
Decision is reversed and judgment will be ordered for defendant.